WILLIAM M. GEORGE, ADMINISTRATOR OF W. EDWARD GEORGE, v.
WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY.

(Filed 8 June, 1940.)

**1. Appeal and Error § 49a—**

Where the evidence upon the subsequent trial is materially different from that on the former trial, the decision of the Supreme Court on the former appeal is not conclusive.

**2. Evidence § 45a: Railroads § 10—**

Testimony of an expert witness as to the position of deceased's body when struck by defendant's train is properly stricken out when the witness testifies that his opinion is not based upon the wounds on the body but upon the fact that intestate was wearing white shoes and white marks were found on the inside of one of the rails and the "opinion of the entire crowd."

**3. Railroads § 10—**

In an action to recover for the death of intestate killed on defendant's railroad tracks by a train, the doctrine of last clear chance applies only if intestate was down on the tracks in an apparently helpless condition; and when the evidence does not tend to positively establish this essential fact, but leaves the matter in speculation and conjecture, it is insufficient to support the submission of the issue.

APPEAL by defendant from *Rousseau, J.,* at February Term, 1940, of
DAVIDSON.   Reversed.

*Willis & Seawell and C. David Swift for plaintiff, appellee.*
*Craige & Craige and Phillips & Bower for defendant, appellant.*

SCHENCK, J.   This is an action for the wrongful death of the plain-
tiff's intestate alleged to have been caused by the negligent failure of the
defendant to avail itself of the last clear chance to avoid running its
train over and fatally injuring said intestate while on the track of the
defendant.

From an adverse judgment predicated upon the verdict, the defendant
appealed, assigning as error the failure of the court to sustain its motion
for a judgment as in case of nonsuit made when the plaintiff had intro-
duced his evidence and rested his case and renewed after all the evidence
on both sides was in.   C. S., 567.

This case was before us at the Spring Term, 1939, upon the plaintiff's
appeal from a judgment as in case of nonsuit, which judgment was
reversed (215 N. C., 773).   The former judgment was predicated upon
the holding that there was no competent evidence that the intestate was
down on the track in an apparently helpless condition at the time he was
run over and killed by the defendant's train.   This Court, however, was
of the opinion that the expert testimony of the witness Doctor Terry
to the effect that in his opinion, judging from the nature, the condition
and position of the wounds on his body, the deceased was lying down
upon the track at the time same were inflicted, was competent, *McManus
v. R. R.,* 174 N. C., 735, and sufficient evidence to be submitted to the
jury upon the issue of last clear chance, and reversed the holding of the
trial court.

In the second trial of the case, which is now before us for review, the
testimony of Doctor Terry was substantially different from what it was
in the former trial.   While he repeated his opinion to be that the intes-
tate was lying down upon the track at the time he was struck and killed
by the train, he stated that this opinion was based upon the fact that the
intestate had on white shoes and white marks were found on the inside
of one of the rails of the track, "and it was the opinion of the entire
crowd that he was lying on the flat side of this sawed crosstie, but not
from the wounds on the body—not of the opinion from the wounds on the
body, but from the signs on the rail."

Notwithstanding the court in its discretion allowed the plaintiff who
had offered Doctor Terry as a witness to cross-examine him, he stead-
fastly reiterated that his opinion that the intestate was prone upon the
track was based upon the white marks on the rail and "the opinion of

the entire crowd," and not upon the nature, condition and position of the wounds upon the body. The court struck out the witness' testimony as to his opinion that the intestate was lying upon the track when struck and killed. This we think was proper, and no exception thereto appears in the record.

The evidence in the first trial and in the second trial was practically the same, except the material difference in the essential testimony of Doctor Terry. Where upon the new trial granted on appeal by the Supreme Court the evidence is materially different from that on the former trial, the former adjudication is not conclusive and another appeal will lie. *McCall v. Institute,* 189 N. C., 775.

With Doctor Terry's expert opinion as to the intestate's being prone upon the track eliminated, there is no evidence of the first fact essential to be proven in cases of this nature, as stated in *Henderson v. R. R.,* 159 N. C., 581, namely, "that the deceased was down on the track in an apparently helpless condition."

With Doctor Terry's expert opinion out of the record, what is said by *Winborne, J.,* in *Cummings v. R. R., ante,* 127, becomes pertinent: ". . . it may be inferred from the evidence as to the physical condition of the body and accompanying signs at the scene that the intestate was struck and killed by a train. Yet these physical facts present no reasonable theory to the exclusion of many others as to the circumstances under which the accident occurred. In what position was intestate when struck? The evidence is consonant with any of many theories which may be advanced with equal force, but all of which are speculative and rest in mere conjecture. The probabilities arising from a fair consideration of such evidence affords no reasonable certainty on which to ground a verdict upon an issue of last clear chance."

The judgment of the Superior Court is

Reversed.