HUBERT THYRONE BREWER v. OLDEN DONNELL GARNER AND
MAGDALENE HUGHES GARNER.

(Filed 4 May, 1966.)

**1. Appeal and Error § 60—**

Decision to the effect that the evidence is sufficient to be submitted to
the jury on an issue is the law of the case unless the evidence at the
second trial is materially different from that introduced at the former.

**2. Automobiles § 42f—**

Plaintiff's evidence to the effect that he was traveling at a lawful speed
on his side of the highway, that he saw defendant's car approaching about
18 inches to its left of the center line, that plaintiff at no time crossed
the center line, and that the collision occurred in plaintiff's proper lane of
travel, *held* not to disclose contributory negligence as a matter of law on
the part of plaintiff.

MOORE, J., not sitting.

APPEAL by plaintiff from a judgment of involuntary nonsuit
entered by *Gambill, J.,* at the October, 1965 Civil Session, RANDOLPH
Superior Court.

At the first trial at the October, 1964, Civil Session of the court,
the jury found the defendants were guilty of negligence and that
the plaintiff was guilty of contributory negligence. On appeal, this
Court ordered a new trial for errors in the admission and exclusion
of evidence. The decision is reported in 264 N.C. 383, where the
pleadings and the evidence at the first trial are reviewed.

At the second trial both parties introduced evidence. At its con-
clusion the court sustained the demurrer to the evidence and dis-
missed the action against Magdalene Hughes Garner. The court's
order discloses the disposition of the case against the other defend-
ant:

"THIS CAUSE COMING ON FOR TRIAL at the October 25, 1965,
Civil Session of Superior Court of Randolph County before the
undersigned Judge Presiding and a jury duly sworn and em-
paneled, and at the conclusion of the plaintiff's evidence, the
defendant Olden Donnell Garner moved for the entry of judg-
ment of nonsuit, which demurrer and motion were overruled
and denied, and the defendant Olden Donnell Garner having
offered his evidence and rested and having again demurred to
the evidence and moved for judgment of nonsuit, which de-
murrer and motion were again overruled and denied, and the
plaintiff having offered rebuttal testimony and rested and the
defendant Olden Donnell Garner having again demurred to
the evidence and moved for judgment of nonsuit which demur-

rer to the evidence and motion for judgment of nonsuit was again overruled and denied, and after arguments of counsel for the parties and the charge of the Court but before the jury had arrived at a verdict, the Court concluded that the demurrer to the evidence and motion for judgment of nonsuit of the defendant Olden Donnell Garner should be sustained and allowed: Plaintiff excepts."

The court ordered the action dismissed.
The plaintiff excepted and appealed.

*Ottway Burton for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols by G. Marlin Evans for defendant appellees.*

HIGGINS, J. The sufficiency of the evidence to go to the jury on the issues of negligence and contributory negligence was not seriously challenged at the first trial. The case went back because of errors in the admission and exclusion of evidence. Not directly, but by implication the decision recognized the right of the plaintiff to have the jury pass on the issues involved. Of course, where the evidence is materially different at a second trial, the former ruling does not control, and does not become the law of the case. *George v. R. R.*, 217 N.C. 684, 9 S.E. 2d 373.

At the trial now under review, the plaintiff testified: "As I approached the Garner automobile I was going east at approximately forty to forty-five miles per hour and I was on my side of the road. The Garner car was coming from west. It was about eighteen inches across the line. The line I am talking about is the white center line. The collision occurred in my proper right-hand lane. I at no time got across the center line." The plaintiff does not swear himself out of court. *Rouse v. Peterson*, 261 N.C. 600, 135 S.E. 2d 549; *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360.

The defendant, with respect to the collision, testified "I don't know anything about it. I don't even know whether I was in the collision or not. I do know the day before the headlights were bad on the car. We ran around all Friday evening with them bad and didn't fix them. We ran all Friday evening with them needing to be fixed."

The plaintiff's evidence required the jury to pass on the issues as to Olden Donnell Garner. Judge Gambill so ruled at the close of the plaintiff's evidence; and again at the close of all the evidence. However, after the jury had deliberated an appreciable length of time without arriving at a verdict, Judge Gambill changed his mind, re-

called the jury, and entered the judgment of involuntary nonsuit. We are forced to conclude the evidence raised issues of fact which must be passed on by the jury. The court cannot decide them as matters of law. We regret to send this case back for another trial but find it necessary to do so as to Olden Donnell Garner for the reasons assigned. The nonsuit is affirmed as to Magdalene Hughes Garner.

As to Olden Donnell Garner — New trial.

MOORE, J., not sitting.