STATE v. T. H. McDONALD.

(Filed 9 June, 1937.)

1. **Automobiles §§ 14, 31—Evidence held to show compliance with statute in parking on highway and failed to show culpable negligence.**

The evidence, without contradiction, tended to show that defendant, driving a cab with trailer heavily loaded with lumber, had a blowout in one of the tires, drove thirty feet and stopped the truck as far to the right as he could with safety because of soft, wet shoulders and a fill about 2 feet from the paved surface, leaving the truck extending over the paved surface 3 or 4 feet and a clear passage to the left of the truck of 14 or 15 feet, that he turned on the lights on the cab and trailer as required by statute, and went to the nearest town to phone his employer for aid, that the employer was unable to help him at that time, and that defendant then spent the night at a filling station, that during the night when the lights on the truck and trailer were not burning a car struck the lumber protruding from the trailer, resulting in the death of a passenger in the car, and that defendant, upon hearing of the accident the next morning, went immediately to the scene and found that the lights on the cab and trailer which he had left burning had gone out. *Held:* The evidence shows that defendant parked the truck in compliance with the statute, N. C. Code, 2621 (66), (94), and fails to show culpable negligence on the part of defendant, and his motion to nonsuit in a prosecution for homicide should have been granted.

**2. Criminal Law § 83—**

Where it is determined on appeal that the evidence of defendant's guilt is insufficient to be submitted to the jury, the case will be remanded in order that judgment may be entered as required by C. S., 4643.

CLARKSON, J., dissents.

APPEAL by defendant from *Parker, J.,* at February Term, 1937, of GRANVILLE. Reversed.

The defendant in this action was tried on an indictment for manslaughter.

It is alleged in the indictment that "T. H. McDonald, late of Granville County, on 14 December, A.D. 1936, with force and arms, unlawfully, willfully, and feloniously did kill and slay one William Odell Price, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

There was a verdict of guilty. From judgment that he be confined in the State's Prison for a term of not less than eighteen months or more than two years, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow his motion, at the close of all the evidence, for judgment as of nonsuit.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*B. S. Royster, Jr., for defendant.*

CONNOR, J. The facts as shown by all the evidence at the trial of this action are as follows:

Between 3:30 and 4 o'clock on the morning of 14 December, 1936, S. L. Price and William Odell Price, both residents of Blackstone, in the State of Virginia, were riding in an automobile on a paved highway in Granville County, in the State of North Carolina. They had passed through the city of Oxford, N. C., and were traveling in the direction of the town of Creedmoor, N. C. S. L. Price was driving the automobile; William Odell Price was sitting on the front seat beside the driver. It was dark. The lights on the automobile were burning and were in good condition. They were traveling at a speed of about 40 miles per hour, and were engaged in conversation with each other.

When they were about a mile from the town of Creedmoor, the driver, S. L. Price, suddenly discovered a truck, loaded with lumber, standing or parked on the highway, on his right side. The truck was headed in the direction of the town of Creedmoor, and extended three or four feet on the paved surface of the highway, which was eighteen feet wide. There were shoulders on each side of the paved surface. There were no lights on the truck. As soon as he discovered the truck ahead of him,

22—211

the driver of the automobile put on his brakes and reduced his speed. He turned to his left and saw an automobile approaching him on the highway from the opposite direction. The lumber on the truck extended from the rear about eight feet. As the automobile passed the truck, the lumber struck the windshield, and shattered the glass. William Odell Price was struck on his head by the lumber and was fatally injured by the impact. He died almost immediately as the result of his injuries.

The defendant T. H. McDonald is about 21 years of age. His home is in the State of Georgia, but for the past two years he had resided at Wood, in Franklin County, North Carolina. During the month of December, 1936, he was employed by Mr. Green as a truck driver. Pursuant to instructions of his employer, he left the city of Henderson, N. C., about 8 o'clock on the evening of 13 December, 1936, driving a truck heavily loaded with lumber. The truck consisted of a tractor, on which was the cab in which he sat, and a trailer, on which the lumber was loaded. His destination was Thomasville, N. C. After he had passed through the city of Oxford, and when he was about a mile from the town of Creedmoor, a tire on one of the wheels of the truck "blew out." After the tire blew out, he drove the truck about thirty feet and stopped on the right shoulder of the highway. He drove the truck on the shoulder as far as he could do so with safety. The shoulder was wet and muddy. Beyond the shoulder, at a distance of about two feet, was a deep fill. When he found that he could not drive the truck further on the shoulder with safety, he "killed" the engine, leaving the truck extending a few feet on the paved surface of the highway. He turned on all the lights on the truck, ten or eleven on the trailer, and three on the tractor. These lights were in good condition and could be seen at a distance of five hundred feet by one approaching the truck on the highway from either direction. He then left the truck on the highway and caught a passing automobile and rode to the city of Oxford, a distance of about fifteen miles, where he notified his employer by telephone of the blowout. He requested his employer to come to his aid. His employer replied that he could not leave his home because of the illness of his wife. The defendant then went to a filling station, located about a mile from the city of Oxford, where he spent the night with a companion. The next morning he learned of the accident which had resulted in the death of William Odell Price, and at once went to the scene of the accident. Many witnesses testified that they knew the defendant and that he was a young man of excellent character. There was no evidence to the contrary.

It was the contention of the State at the trial of this action that all the evidence showed that the death of the deceased, William Odell Price, was the result of violations by the defendant T. H. McDonald of certain

statutes enacted by the General Assembly for the protection of persons lawfully on the highways of this State, and that for this reason the defendant is guilty of involuntary manslaughter.

The statutes are as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: *Provided,* in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, or unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in both directions upon such highway: *Provided, further,* that in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway bridge.

"(b) Whenever any peace officer shall find a vehicle standing upon a highway in violation of the provisions of this section, he is hereby authorized to move such vehicle or require the driver or person in charge of such vehicle to move such vehicle to a position permitted under this section.

"(c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position." Section 24, chapter 148, Public Laws of North Carolina, 1927; N. C. Code of 1935, section 2621 (66).

"Whenever a vehicle is parked or stopped upon a highway, whether attended or unattended, during the times mentioned in section forty-seven (*i.e.,* during the period from a half hour after sunset to a half hour before sunrise and at any other time when there is not sufficient light to render clearly discernible any person on the highway at a distance of two hundred feet ahead), there shall be displayed upon such vehicle one or more lamps projecting a white light visible under normal atmospheric conditions from a distance of five hundred feet to the front of such vehicle, and projecting a red light visible under like conditions from a distance of five hundred feet to the rear, except that local authorities may provide by ordinance that no lights need be displayed upon such vehicle when parked in accordance with local ordinances upon a highway when there is sufficient light to reveal any person within a distance of two hundred feet upon such highway." Section 52, chapter 148, Public Laws of North Carolina, 1927; N. C. Code of 1935, section 2621 (94).

STATE *v.* McDONALD.

There was no evidence at the trial of this action which showed or tended to show that the defendant violated either of said statutes when he left his truck parked or standing on the highway, about 10 :30 o'clock on the night of 13 December, 1936. When his truck, while traveling on the paved surface of the highway, became disabled as the result of the accidental blowout, the defendant drove the truck off the paved surface, onto the right-hand shoulder of the highway, driving a distance of about 30 feet. The right-hand wheels of the truck, which was heavily loaded with lumber, sank into the soft earth of the shoulder, causing the truck to stop. Upon ascertaining that he could not drive the truck further off the paved surface of the highway with safety, because of the fill about two feet from the paved surface, the defendant "killed" his engine. The truck then extended over the paved surface of the highway three or four feet, leaving a clear passage for passing vehicles of 14 or 15 feet. The defendant was unable to move the truck further off the paved surface on the shoulder of the highway. He thereupon turned on the electric lights with which the truck was equipped as required by statute, and left the truck on the highway, unattended, to seek aid. He caught a passing automobile and rode to Oxford, a distance of about fifteen miles. When he arrived at Oxford he called his employer by telephone and notified him of the blowout. He was informed that his employer could not come to his aid, because of the illness of his wife. He spent the remainder of the night at a filling station near Oxford and did not learn of the accident which had resulted in the death of William Odell Price until the next morning. He then went immediately to the scene of the accident, and there learned that the lights, which were burning when he left the truck, had subsequently gone out.

The unfortunate death of William Odell Price was not the result of any culpable negligence on the part of the defendant. Before leaving his truck on the highway, he had fully complied with the statutes applicable to his situation. For this reason the principle relied on by the State (see *S. v. Stansell,* 203 N. C., 69, 169 S. E., 580), is not applicable in the instant case.

There was error in the refusal of the trial court to allow defendant's motion at the close of all the evidence for judgment as of nonsuit.

The judgment is reversed, and the action remanded to the Superior Court of Granville County, that judgment may there be entered as required by the statute. C. S., 4643.

Reversed.

CLARKSON, J., dissents.