HERMAN J. SCARBOROUGH v. GRADY INGRAM AND
BOOKER T. INGRAM.

(Filed 13 December, 1961.)

**1. Automobiles § 11—**

The violation of the statutory requirements in regard to lighting devices to be used by motor vehicles operating at night constitutes negligence as a matter of law. G.S. 20-129, G.S. 20-129.1.

**2. Automobiles § 8—**

It is negligence for the operator of a motor vehicle to turn left when a reasonably prudent person would realize in the exercise of due care that such movement could not be made in safety under the circumstances. G.S. 20-154(a).

**3. Automobiles § 41h—**

Evidence tending to show that defendant was operating his vehicle at night without the lighting devices required by statute and that he attempted to turn left into a driveway at a time when he saw or could have seen the lights of plaintiff's vehicle following him so closely that a reasonably prudent person would have realized the turn could not be made in safety, *is held* sufficient to be submitted to the jury on the issue of negligence.

**4. Automobiles § 42d—**

Evidence tending to show that plaintiff was traveling within the statutory maximum speed limit, that defendant's truck was traveling ahead of him at night without lighting devices required by statute, that defendant's truck had a flat bottom, presenting a minimum area to be picked up by the lights of a following vehicle, and was of dark color, and that plaintiff's car struck the rear of defendant's vehicle as it slowed and had started to make a left turn into a driveway, *is held* not to show contributory negligence as a matter of law on the part of plaintiff. G.S. 20-141(e).

**5. Automobiles § 46; Negligence § 28—**

The charge of the court in this case, construed contextually, held not subject to the objection that it required defendant to establish that plaintiff was guilty of each of the alleged negligent acts relied upon as constituting contributory negligence in order to answer that issue in the affirmative.

APPEAL by defendant Booker T. Ingram from *Gwyn, J.,* May 1961 Term of MONTGOMERY.

Plaintiff instituted this action to recover compensation for personal injuries and property damages resulting from a collision between the motor vehicle owned and operated by him and a 1946 Ford truck owned by Grady Ingram, operated by Booker T. Ingram. The collision occurred about 7:45 p.m. on 21 June 1960 on U. S. Highway 220, just north of the southern boundary of Ellerbe. Both vehicles were traveling northwardly.

To support his claim for damages plaintiff alleged these negligent acts of appellant: (1) Operating his motor vehicle on a dark, rainy night without lights. (2) Making a left turn without ascertaining that he could do so with safety to others using the highway. (3) Failure to give any signal of defendant's intent to make a left turn. (4) Operation of a motor vehicle in a reckless manner in violation of G.S. 20-140.

Defendants denied the collision was due to any negligent act of theirs, and as an additional defense pleaded reckless driving, excessive and unreasonable speed under existing conditions, failure of plaintiff to keep a lookout or control of his vehicle, and inability to stop within the range of plaintiff's headlights as contributory negligence barring recovery.

Motions of defendants for nonsuit were allowed as to defendant Grady Ingram and overruled as to defendant Booker T. Ingram. Issues of negligence, contributory negligence, and damages were submitted to the jury. It answered the first issue yes, the second, no, and fixed the damages sustained. Judgment was entered on the verdict. Booker T. Ingram (hereafter referred to as defendant) appealed.

*Jones & Jones for plaintiff appellee.*
*David H. Armstrong for defendant appellant.*

RODMAN, J. The first question for determination is the court's ruling on defendant's motion for nonsuit. Defendant asserts the refusal to allow his motion is erroneous for two reasons: (1) Plaintiff failed to offer any evidence of negligence proximately causing plaintiff's injuries, and (2) all the evidence establishes as a matter of law plaintiff's negligence proximately causing the collision and resulting damage.

Defendant's evidence suffices to establish these facts: The collision occurred at night in a residential area of a town where the maximum speed limit was 35 m.p.h. Shortly before the collision he had come into Highway 220 from a filling station. He headed north when he came on the highway, traveling 20 to 25 m.p.h. He intended to turn into a

private drive on the west side of the highway some 300 yards north of the filling station. It was dark and rainy. The truck was not equipped with rear reflectors required by G.S. 20-129.1(a). Plaintiff's car was of the compact class.

In addition to the foregoing noncontroverted facts, there is evidence from which the jury could find these additional facts: (1) Defendant's truck not only was not equipped with the reflectors required by statute, but also it did not have in operation the lights required by G.S. 20-129(a) (d). (2) The truck was dark in color, blending with the darkness of the night. It had a flat body without standards or side boards, presenting a minimum area to be picked up by the lights of an approaching vehicle. (3) Defendant saw or should have seen the lights of plaintiff's car traveling northwardly in the same lane with defendant. (4) Defendant, although intending to make a left turn, had not at the moment of the collision begun to execute his intention or had just begun to execute his intention and was entering the left lane when the collision occurred, or had so far executed his intent as to completely block both lanes of the highway.

The statutes prescribing lighting devices to be used by motor vehicles operating at night (G.S. 20-129 and 129.1) were enacted in the interest of public safety. *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916. A violation of these statutes constitutes negligence as a matter of law. *Bridges v. Jackson,* 255 N.C. 333; *Lyday v. R.R.,* 253 N.C. 687, 117 S.E. 2d 778.

The jury could find from the evidence that defendant saw the light of plaintiff's car approaching, saw the vehicle was so close to the truck when defendant started to make his left turn that a prudent person would have realized that the turn could not be made in safety. Hence the turn made, or attempted, was within the prohibition of G.S. 20-154(a).

The evidence was sufficient to support a finding that defendant had violated the statutes enacted to promote safety on the highway, proximately causing the collision. This would require submission to the jury unless, as defendant says, all of the evidence establishes plaintiff's contributory negligence as a matter of law.

We must, therefore, determine the question: Does all the evidence lead to the single conclusion that the collision and resulting injuries and damage were proximately caused by plaintiff's negligence? The answer is no. Plaintiff, according to his testimony, was traveling at a speed of 30 m.p.h. after entering Ellerbe. This speed is less than the maximum permissible speed. There was a slight curve in the highway south of the point of collision. The distance from the curve to the point of collision is not shown. Plaintiff testified: "I didn't see the truck.

I can't say the distance that I saw it. Yes, I looked. It was right in front of me, and the darkness and the curve, and when the lights picked it up, I was right on it. . . . The reason that I did not see the truck until I got to it was due to the fact that it had no lights on it. My lights were in good order." The color of defendant's vehicle reduced its visibility on this rainy, dark night, and because of the flat body without standards or side boards the light from plaintiff's automobile would not disclose the truck ahead until close to it.

The law applicable to cases of this character was well stated by *Ervin, J.,* in *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276. That case was decided in 1951. The rule then enunciated was recognized by the Legislature of 1953 as a proper statement of the law when it enacted c. 1145, S.L. 1953, now incorporated in G.S. 20-141(e). It is there expressly declared "that the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits prescribed by G.S. 20-141(b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence per se in any civil action . . ." Plaintiff's testimony and the inferences which can fairly be drawn from the testimony offered by defendant bring plaintiff within the language and meaning of this statutory provision. Unless we ignore the express language of the statute and hold that the mere failure to see an unlighted object on a highway in time to avoid a collision constitutes negligence because conclusively demonstrating the operator either was not keeping the lookout required by statute or was driving at an unreasonable rate of speed, plaintiff is entitled to have his case submitted to the jury. The other facts appearing in the record to which we have called attention tend to negative the assertion that plaintiff failed to act with reasonable prudence. The conclusion here reached is supported by *Privette v. Lewis,* 255 N.C. 612; *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Burchette v. Distributing Co.,* 243 N.C. 120, 90 S.E. 2d 232.

The court charged: "(You will bear in mind the evidence in its entirety. You will bear in mind the law which relates to that issue. With all that in mind, you are instructed upon the second issue that if the defendant has satisfied you from the evidence and by its greater weight that the plaintiff was negligent in the operation of his automobile, and has further satisfied you from the evidence and by its greater weight that such negligence on his part was the proximate cause or one of the proximate causes of his injury and damage, as alleged in the answer, then it will be your duty to answer that second issue YES. If the defendant has failed to so satisfy you, it will be your duty to answer that second issue NO.)" Defendant excepted to the

foregoing, contending the court thereby required him to establish each of the eight alleged negligent acts of plaintiff before the jury could answer the issue of contributory negligence yes. If the charge was fairly susceptible to such an interpretation, defendant would be entitled to a new trial; but the quoted portion is not of itself fairly susceptible to such an interpretation, and when the charge is read as a whole, we cannot conceive that the jury placed such an interpretation on the language used.

We have examined each of the remaining thirty-five assignments of error but find nothing warranting a new trial or requiring discussion.

No error.