D. G. MELTON v. GEORGE DAVID CROTTS.

(Filed 9 May 1962.)

**1. Automobiles § 41e—**

Plaintiff's evidence tending to show that defendant stopped his car partially on the hard surface after a flat tire, and that the car was thus stationary on the highway without lights when it was struck by the car driven by plaintiff's agent, who did not see the stationary vehicle in time to avoid the collision because of the lights of an approaching car, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in failing to comply with G.S. 20-134.

**2. Automobiles § 9—**

The driver of a vehicle stopped or parked on a highway at night is under duty to light his vehicle as required by G.S. 20-134 and G.S. 20-129, which duty is not affected by G.S. 20-161, relating to parking on highways, and the failure to light a vehicle stopped or parked on a highway at nighttime as required by the statute is negligence.

**3. Automobiles § 42d—**

Evidence tending to show that plaintiff's driver was operating plaintiff's vehicle at a lawful speed at nighttime, that before the headlights of plaintiff's car had picked up defendant's car, which was stopped partially on the paved portion of the highway without lights, plaintiff's driver lowered the beam of his headlights because of an approaching vehicle, and that plaintiff's car had not passed the approaching vehicle when it collided with the rear of the stationary car, *is held* not to establish the single conclusion that plaintiff's driver was negligent.

**4. Trial § 33—**

It is the duty of the court, without a request for special instructions, to explain the law and to apply it to the evidence on all substantial features of the case.

**5. Automobiles § 9—**

Where plaintiff relies upon the fact that defendant stopped or parked his vehicle on the highway without leaving a clear and unobstructed width of not less than fifteen feet of highway opposite the standing vehicle, the burden is upon plaintiff to prove defendant's violation of G.S. 20-161(a), and where defendant relies upon the fact that his vehicle was disabled so as to render it impossible to avoid stopping and temporarily leaving such vehicle partially on the hard surface of the highway, defendant has the burden of bringing himself within the provisions of G.S. 20-161(c).

**6. Same—**

The provisions of G.S. 20-161(c), which limit the provisions of G.S. 20-161(a) by permitting the stopping or parking of a vehicle partially on the hard surface of the highway without leaving at least fifteen feet of the hard surface for the passage of traffic, provided such vehicle is disabled so that it is impossible to move it, must not be given a literal construction, and it is not required that a vehicle be absolutely impossible to move in order for the proviso to apply, but only that it not be reasonably practical under the circumstances to move the vehicle, which is ordinarily a question for the jury upon the facts of each case.

**7. Same; Automobiles § 46—**

Where defendant's evidence is to the effect that he stopped his vehicle on the highway because of a flat tire, that although he drove the vehicle as near as possible to the ditch on the right shoulder he was unable to get the vehicle entirely off the hard surface at that place, and that the nearest place in defendant's direction of travel at which the vehicle could be stopped entirely off the hard surface was some 1000 to 1500 feet distant, it is the duty of the court to instruct the jury upon the provisions of G.S. 20-161(c).

APPEAL by defendant from *Riddle, S.J.*, January 1962 Special Civil Term of DAVIDSON.

Plaintiff was injured about 8:30 p.m. 20 December 1957 when his automobile, operated by his agent, collided with defendant's auto-

mobile. Plaintiff seeks compensation for the injuries to person and property then sustained. To support his right to recover he alleged: Plaintiff was traveling east on a road known as Junior Order Home Road. Defendant's car was stopped or parked on that road, headed east, at a point about 400 feet west of its intersection with N. C. Highway 8. Defendant's car occupied most of the southern (right) lane of travel. It had no lights on it, nor had flares or other warning devices been placed to notify the traveling public of the hazard thus created. Defendant's car was a dark green color. As plaintiff's car approached the intersection, another car turned from N. C. 8 into the Junior Order Home Road, headed west. Thereupon the headlights on that car and on plaintiff's car were dimmed. The absence of lights on defendant's car, coupled with lights from the car in the north lane approaching plaintiff, prevented the driver of plaintiff's car from seeing defendant's vehicle until too late to avoid the collision. The basis of defendant's liability is the alleged parking or stopping without lights as required by G.S. 20-129 and 20-134 and stopping in such manner as to leave less than fifteen feet of the highway open to traffic, contrary to the provisions of G.S. 20-161.

Defendant admitted the collision occurred at the time and place stated by plaintiff. He alleged he was traveling east on the Junior Order Home Road, which is paved with tar and gravel to a width of eighteen feet. It has dirt shoulders about one and one-half feet wide on each side. When about 400 feet from N.C. 8, he had a flat tire. He pulled as far on his right side of the road as permitted by the road ditch. This left not more than two feet of his vehicle on the paved portion of the highway. The front and rear lights on his car were burning. In addition his turn lights were operating, indicating a left turn. These lights were adequate to meet the requirements of G.S. 20-129, and to give notice of the presence of defendant's car. He stopped to replace the deflated tire with a spare and was preparing to do so when the collision occurred. Plaintiff's driver was not keeping a lookout and did not have control over his vehicle, which was moving at an unlawful rate of speed. The negligence of plaintiff's driver was the sole cause of the collision, but if not the sole, then a contributing cause of the collision. Additionally he asserted a counterclaim based on his allegations of the negligence of plaintiff's driver.

The court submitted the usual issues of negligence, contributory negligence, and damage arising on the pleadings.

The jury answered the issue as to defendant's negligence in the affirmative, plaintiff's contributory negligence in the negative, and assessed plaintiff's damage. Having answered the first three issues in

plaintiff's favor, the jury did not answer the issues relating to plaintiff's liability to defendant.

Judgment was entered on the verdict and defendant appealed.

*Beamer Barnes for plaintiff appellee.*
*Walser and Brinkley by Walter F. Brinkley for defendant appellant.*

RODMAN, J. Appellant's motion for nonsuit was overruled. He asserts this ruling was erroneous for two reasons: First, there was no evidence to show defendant was negligent; second, the evidence suffices to establish plaintiff's contributory negligence as a matter of law.

G.S. 20-129 says: "Every vehicle upon a highway within this State during the period from a half hour after sunset to a half hour before sunrise . . . shall be equipped with lighted front and rear lamps . . . subject to exemption with reference to lights on parked vehicles as declared in s. 20-134."

G.S. 20-134 requires lights visible for 500 feet on front and rear of any vehicle parked or stopped on a highway "except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local ordinances upon a highway where there is sufficient light to reveal any person within a distance of two hundred feet upon such highway."

Plaintiff testified that defendant's car was stopped with its right rear wheels off the hard-surfaced portion of the road, that a little over half of defendant's car was on the hard-surfaced portion, there were no lights on defendant's car. It was dark.

Caswell, driver of plaintiff's car, testified: "There were no lights emitting from any source from the defendant Crotts' automobile before I struck it. There were no flares stationed or otherwise emitting any light up and down the highway from the defendant's car at anywhere."

Hall, who had turned from N. C. 8 to the Junior Order Home Road and was meeting plaintiff's car, testified: "I saw a car coming. I dimmed my lights, he dimmed his, along as we approached one another, he hit something. It was the back of Mr. Crott's car, but I didn't see the car myself until Mr. Melton had already contacted it. You couldn't tell much what color Mr. Crotts' car was. It hadn't been cleaned up in a good while. It was some shade of green . . . I would say at least two-thirds of Mr. Crotts' car was parked on the highway. Mr. Crotts was headed east toward Highway #8. He was on his right side traveling east. There were no lights visible on the parked car belonging to Mr. Crotts. The parking lights were turned on while

I had gone to call the ambulance. There were no lights visible on the defendant's car before the accident happened and there were no flares."

Plaintiff's evidence was sufficient to support a finding that defendant did not comply with the provisions of G.S. 20-134. Such a violation is negligence. *Scarborough v. Ingram,* 256 N.C. 87; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19; *Bumgardner v. Allison,* 238 N.C. 621, 78 S.E. 2d 752; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *McKinnon v. Motor Lines,* 228 N.C. 132, 44 S.E. 2d 735; *United States v. First-Citizens Bank & Trust Co.,* 208 F. 2d 280; 5A Am. Jur. 487.

G.S. 20-161 regulates parking on highways. It does not purport, except as to trucks, trailers, and semitrailers, to define what means the owner of a vehicle stopped on the highway shall use to notify others using the highway of his presence. It does not conflict with nor reduce the obligation imposed on the operator of a vehicle stopped or parked on the highway at night to light his vehicle as required by G.S. 20-134 and G.S. 20-129. To the extent that *Meece v. Dickson,* 252 N.C. 300, 113 S.E. 2d 578, may be construed as conflicting with what is here said, it is overruled.

Does the evidence suffice to show plaintiff's contributory negligence as a matter of law warranting a nonsuit? On that question the evidence tends to show these facts: Plaintiff's car came into the Junior Order Home Road some 900 or 1000 feet west of the scene of the collision. His car did not exceed a speed of 30 to 35 m.p.h. When Hall, driving the westbound car, turned from N. C. 8 onto the Junior Order Home Road, both cars dimmed their headlights. The headlights on plaintiff's car had not picked up defendant's car before Hall turned from N. C. 8. Plaintiff and Hall had not passed when the collision occurred. Hall was traveling at a speed of 20 to 25 m.p.h. When Cassell first observed Hall's car as it turned from N. C. 8, Cassell reduced his speed. Cassell said he saw the Crotts car a second or two before the collision. Plaintiff, in fixing the distance the Crotts car was seen before the collision, said: "(I)t wasn't but a short distance; it wasn't too far; it was about 10 or 12 feet, somewhere along there, in my estimation." The dark color of defendant's car and the black road tended to absorb the lights from the approaching vehicles rather than to reflect it. It was, of course, the duty of plaintiff's driver to exercise caution and to keep a proper lookout for other vehicles on the highway. The evidence is insufficient to establish the single conclusion that plaintiff's driver was negligent. *Scarborough v. Ingram, supra; Keener v. Beal, supra; Thomas v. Motor Lines, supra; Privette v. Lewis,* 255 N.C. 612, 122 S.E. 2d 381; *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825; *Burchette v. Distributing Co.,* 243 N.C. 120, 90 S.E. 2d 232; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276.

If the jury should find that defendant did not have his vehicle lighted as required by statute, and such failure was the proximate cause of the collision, and should further find plaintiff was not contributorily negligent, he would be entitled to recover. It follows that the court properly refused to allow the motion to nonsuit.

Plaintiff does not limit his right to recover to defendant's failure to display lights. He pleads an additional negligent act, to wit, the violation of G.S. 20-161. Subsec. (a) of that statute, so far as pertinent to this case, reads: "No person shall park or leave standing any vehicle . . . upon the paved . . . portion of any highway . . . when it is practicable to park or leave such vehicle standing off of the paved . . . portion of such highway: Provided, in no event shall any person park or leave standing any vehicle . . . upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon . . ."

The provisions of subsec. (a) are limited by subsec. (c), which reads as follows: "The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved . . . portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position." All of the evidence tends to show the collision occurred some 400 or 500 feet west of N.C. 8. The Junior Order Home Road was in a cut. The banks on each side are four or five feet high. Next to the bank is a ditch. The distance between the bank-ditch and the pavement was not sufficient to take care of defendant's car when he stopped. This condition existed for some distance to the west of the point where defendant stopped, all the way east to N.C. 8, and for some distance on N. C. 8 before a place could be found where a car could be parked without a portion of the car extending over on the paved area of the road. The distance from point of collision to an adequate parking area was variously estimated at 1000 to 1500 feet. The evidence was plenary that defendant stopped because of a punctured tire. There was conflict in the evidence as to the distance defendant's car extended over the paved part of the highway and the portion of the highway left open for traffic. Plaintiff's evidence tended to show that such area was less than fifteen feet. Defendant's evidence would fix the area as more than fifteen feet.

The court charged: "If you find by the evidence and by its greater weight that on the occasion in question that the defendant was parked on a public highway at night, and that he failed and neglected to remove his motor vehicle from the traveled portion of the highway so as to leave a clear and unobstructed width of not less than 15 feet upon

the main-traveled portion of the highway opposite said motor vehicle in violation of General Statutes 20-161; and such violation was the proximate cause or one of the proximate causes of the damage and injury complained of, then it would be your duty to answer the first issue YES." Defendant excepted to the foregoing instruction. He also excepted to the failure of the court to refer to and explain defendant's rights accorded by subsec. (c).

It is the duty of the court, without a request for special instructions, to explain the law and to apply it to the evidence on all substantial features of the case. *Rodgers v. Thompson*, 256 N.C. 265; *Westmoreland v. Gregory*, 255 N.C. 172, 120 S.E. 2d 523.

The quoted portion of the charge, so far as it went, is a correct statement of the law. The burden rested on plaintiff to show that defendant had violated the statute. Defendant, if he would escape the consequences of his violation, had the burden of bringing himself within the provision of subsec. (c). Hence we are confronted with the questions: Were the facts in this case sufficient to require the court to inform the jury of the provisions of subsec. (c) and to apply its provisions to the facts of this case? In other words, was a puncture and flat tire at a point where the operator of a motor vehicle could not get off the highway for several hundred feet sufficient to warrant him in stopping to change tires, leaving a part of his vehicle on the paved part of the highway?

Plaintiff relies on *Lambert v. Caronna*, 206 N.C. 616, 175 S.E. 303, to support his contention that subsec. (c) has no application to the facts of this case. In that case plaintiff was injured when his car collided in the nighttime with defendant's car, parked without lights on the paved portion of the highway to repair a flat tire. There, as here, the parties were in disagreement whether there were lights on defendant's car and the width of the area left open for travel. In that case the collision occurred on a heavily traveled highway. There, as here, the court charged with respect to the duty of a motorist under subsec. (a), but it did not relate that duty to the provisions of subsec. (c).

There the factual similarity of the cases stop. Plaintiff alleged in that case that defendant had eleven feet of shoulder on which he could park. The evidence with respect to the availability of an area for defendant to park off the paved portion of the highway appears in the report on p. 619. The evidence was: "Without any doubt they (the shoulders) were wide enough to drive a car on and get all four wheels completely off without any drop to the side. I would say they were approximately 8 feet wide." On that evidence this Court said: "We see no error in the exclusion of (c) in the charge. The entire evi-

dence of defendant was that he had a 'flat tire,' a 'puncture.' The tire was deflated and it was necessary for him to stop, in so doing, he should have complied with the rule of the road (a), *supra,* the evidence in no way brought him under the provisions of (c). No one testified the Pontiac was disabled in any manner except by a flat tire, *or that it could not have been stopped so as to leave fifteen unobstructed feet for the passage of the Chrysler. The defense below was that 15 or more feet were in fact left clear on the hard surface.*" (Emphasis supplied.)

It will be observed the Court gave two reasons for sustaining the failure to charge with reference to subsec. (c): (1) The evidence disclosed ample room for the defendant to get off the paved portion; (2) the defendant at the trial had not asserted he was entitled to the protection of subsec. (c) but rested his defense on his assertion that plaintiff in fact had more than fifteen feet of unobstructed road on which to travel. A party may not shift his ground of defense in the Superior Court to a new one first asserted in this Court. *Doub v. Hauser,* 256 N.C. 331; 1 N.C. Index p. 69, note 13.

In *S. v. McDonald,* 211 N.C. 672, 191 S.E. 733, defendant was charged with manslaughter in leaving his truck parked on the paved portion of the highway without lights. A guest in another car was killed when that car ran into the parked truck. There the evidence was that the truck was heavily loaded. A tire blew out. He drove about thirty feet and stopped on the right shoulder of the highway, going as far on the shoulder as he could with safety. He turned the lights of his vehicle on. He then went to seek help but was unable to get any help until the next day. During the night his battery ran down, leaving the vehicle without lights. On this evidence *Connor, J.,* said: "There was no evidence at the trial of this action which showed or tended to show that the defendant violated either of said statutes when he left his truck parked or standing on the highway about 10:30 o'clock on the night of 13 December 1936."

What construction should be given to subsec. (c)? Should it be given a literal construction or should it be construed to permit a motorist acting as a prudent person having due regard to the safety of others to make repairs to his vehicle reasonably necessary for its operation in a normal manner even though such repairs may necessitate the use of a portion of the paved part of the highway, leaving less than fifteen feet of paved area open to travel?

Several States have statutes containing the provisions of our statute (G.S. 20-161 (a) and (c) ) or substantially similar provisions. The Supreme Court of Alabama, when called upon to interpret their statute, said in *Capital Motor Lines v. Gillette,* 177 So. 881: "(W)e

deem it of importance to clearly define the law applicable to stopping vehicles on the highways in general, even temporarily. . . .

"Section 70(a) intends to keep an open highway, free of standing cars on the paved road, or at all events, an open zone of fifteen feet. A passing vehicle may be expected at any moment, as this case sadly demonstrates. The law aims to conserve life and limb by keeping the road open as defined.

"Subdivision (c) of same section deals with temporary stops in these words: (The court then quotes what is our subsec. (c) )

"Quite clearly, even in case of a blowout or other car trouble necessitating a temporary stop, subdivision (a) must be complied with, if it can reasonably be done. . . .

"To take a temporary stopping without our statute, it must be 'for a necessary purpose,' and under such conditions that 'it is impossible * * * to avoid leaving such vehicle in such position,' that is, occupying traveled portion of the highway, or not leaving the clearance declared in section 70(a). 'Impossible' is to be construed in a reasonable practical sense.

"The Law of the Road in Alabama is: When stopping a motor vehicle on a highway, voluntarily or from necessity, no matter how long it is expected to remain standing, the driver should turn out, and provide a clearance of fifteen feet, if practical to do so. He should not stop his car on the highway at a point where this cannot be done except for reasonable cause. In the latter case, he should get out of such position as soon as practical."

The Supreme Court of Minnesota, interpreting subdivision (c) of their statute, said in the case of *Geisen v. Luce,* 242 N.W. 8: "The words 'such position' at the end of section 2720-24, subd. (c), must not be construed as meaning that, if possible for the car to have been moved at all, it would be beyond the protection of the statute. 'Such position' refers back to the words, 'on the paved or improved or main traveled portion of any highway.' The provision that the car must be so disabled 'that it is impossible to avoid . . . temporarily leaving such vehicle in such position' cannot be applied only to cases literally. It cannot always mean that it must be 'impossible' to slightly move the car in order to make subdivision (c) applicable. It is difficult to imagine an automobile on the highway so disabled that it would be literally impossible for a man not to be able to move it at all. We think the Legislature never intended to have such literal construction applied to this statute. We are of the opinion that the word 'impossible' must be construed as meaning that the car must be disabled to the extent that it is not reasonably practical to move the car so as to leave such 15 feet for the free passage of other cars. This construction seems to

be consistent with the holdings of other courts; and under such circumstances the provision that 15 feet shall be left for free passage of other vehicles is not applicable."

We think the interpretation given by the Supreme Courts of Alabama and Minnesota to their statutes is a proper interpretation of our statute, and we so hold.

Whether a puncture or blowout is such disablement of a motor vehicle as to justify the driver in stopping partially on the paved portion of the highway is ordinarily a question for the jury unless the facts are admitted. Defendant's claim of protection by virtue of subsec. (c) must be tested by the facts of each case. *Putnam v. Bowman,* 195 A. 865; *Tibbetts v. Dunton,* 174 A. 453; *Kelly v. Locke,* 198 S.E. 754; *Andraski v. Gormley,* 87 N.W. 2d 818; *Kline v. Johannesen,* 24 N.W. 2d 595; *Smith v. Pust,* 6 N.W. 2d 315; *Lund v. Springsteel,* 246 N.W. 116; Anno. Parking Regulation-Disabled Vehicle, 15 A.L.R. 2d 920-922; 5A. Am. Jur. Automobiles, sec. 407; 2A. Blashfield, Cyc. of Automobile Law, Perm. Ed., sec. 1195.

If plaintiff has established a violation of subsec. (a) and defendant relies on subsec. (c), he must carry the burden of justifying his act in stopping at a proper place and for a permissible period of time.

The facts depicted by defendant's evidence are, in our opinion, sufficient to require a statement from the court of defendant's right as well as his duty under the provisions of subsec. (a) as modified by subsec. (c) of G.S. 20-161. The failure to charge was error for which there must be a

New trial.