JEREMIAH EDGAR DEZERN v. ASHEBORO CITY BOARD OF EDUCA-
TION, ERNEST ISLEY, AND JOHN N. OGBURN, JR., GUARDIAN AD
LITEM FOR ERNEST ISLEY.

(Filed 20 November 1963.)

**1. Automobiles § 9—**

It is negligence to permit a disabled bus to stand on a highway at night
without lights, blocking a lane of traffic, without giving warning to ap-
proaching vehicles. G.S. 20-129, G.S. 20-134.

**2. Automobiles § 10—**

Where a motorist is traveling within the maximum legal speed he will
not be held contributorily negligent as a matter of law in colliding with
the rear of a vehicle left in his lane of traffic at nighttime without lights.

APPEAL by defendants from *McConnell, J.,* February 1963 Civil
Session of RANDOLPH.

*J. Harvey Luck and Miller & Beck for plaintiff.*
*Jordan, Wright, Henson & Nichols and G. Marlin Evans for de-*
*fendants.*

PER CURIAM.  This action was instituted by plaintiff to recover for
personal injuries and property damage which resulted when his auto-
mobile collided with the rear of a school activities bus.

Verdict was favorable to plaintiff. The defendant Board of Educa-
tion carried liability insurance covering the bus and thereby waived
governmental immunity from liability to the extent of the insurance
policy limits. G.S. 115-53. The amount of the judgment is within policy
limits.

Defendants appeal and assign as error the denial of their motion for
nonsuit.

The evidence, taken in the light most favorable to plaintiff, is sum-
marized as follows:

Defendant Isley, agent of defendant Board of Education, was op-
erating the bus (with one passenger aboard) westwardly on U. S.
Highway 64, a few miles east of Asheboro, N. C., on the night of 2
February 1961. He was having "ignition" trouble. The motor cut off
at Woody's Drive-In. Isley got the motor started and after he had
driven about one-half mile in the direction of Asheboro the motor cut
off again and the lights on the bus went out. The bus was left standing
in the north lane facing west, without lights. It was 8 feet wide and
12 feet high, and obstructed practically the entire lane. It was painted
yellow. The highway is 23 or 24 feet wide. Isley and the passenger left

the bus and went to a nearby house to telephone for help. They returned to the bus and attempted to push it. Before they could move it, the plaintiff ran into the rear of the bus. No one attempted to flag traffic or give warning of any kind. The bus had been standing in this position about 25 minutes. The highway was level and dry; the weather was cloudy and there was fog; the night was dark. The collision occurred about 6:45 P.M. When plaintiff, driving westwardly, was about 200 yards from the bus, and before he knew of its presence, he saw approaching a line of east-bound traffic, consisting of 8 to 10 cars. Plaintiff's speed was 35 miles per hour; the line of traffic was moving about 40 to 45 miles per hour. The speed limit was 55 miles per hour. The first car in the line dimmed lights and plaintiff did likewise. Some of the meeting cars did not dim their lights. Being somewhat blinded by the lights, plaintiff watched the edge of the hardsurface, the outline of which was clear, to guage his direction. Plaintiff reduced speed and at the time of the collision was going 20 to 30 miles per hour. When he passed one of the cars with bright lights, he, for the first time, saw the bus in his lane of travel. It was 20 to 25 feet away. He did not have time to apply brakes, though he attempted to do so. He did not turn to the left because of the east-bound traffic; the shoulder of the road was only 3 feet wide and too narrow for passage. Plaintiff was seriously injured and his automobile was extensively damaged.

Defendants were negligent in permitting the bus to stand on the highway at night, without lights, blocking the lane of traffic, and in failing to give warning to approaching vehicles. G.S. 20-129 and 134; *Scarborough v. Ingram*, 256 N.C. 87, 122 S.E. 2d 798. Plaintiff was not exceeding the speed limit (55 miles per hour), his vision was impaired by blinding lights and fog. Under the provisions of G.S. 20-141(e) and our decisions the plaintiff was not contributorily negligent as a matter of law; it was a case for the jury. *Brooks v. Honeycutt*, 250 N.C. 179, 108 S.E. 2d 457; *Wilson v. Webster*, 247 N.C. 393, 100 S.E. 2d 829; *Burchette v. Distributing Co.*, 243 N.C. 120, 90 S.E. 2d 232; *Chaffin v. Brame*, 233 N.C. 377, 64 S.E. 2d 276. Issues as to negligence of defendants, contributory negligence of plaintiff, and damages were submitted to the jury. All were answered in favor of plaintiff.

No error.