ELIZABETH L. SHARPE, EXECUTRIX OF THE ESTATE OF WINFORD L. SHARPE, DECEASED, v. W. E. HANLINE AND/OR HANLINE POULTRY COMPANY, AND HARRY LEE GRIER.

(Filed 3 November, 1965.)

**1. Automobiles § 41e—**

Evidence tending to show that defendant driver parked the corporate defendant's truck on the right shoulder of the highway at an angle so that its left rear protruded eight to ten inches over the hard surface of the highway, without lights or reflectors that could be observed by motorists approaching the vehicle from its rear, that the shoulder of the road was 15 to 18 feet wide, and that plaintiff's testate, driving in the right-hand lane, collided with the rear of the truck, *held* sufficient to be submitted to the jury on the issue of negligence in violating G.S. 20-161.

**2. Negligence § 26—**

Nonsuit for contributory negligence is proper only when plaintiff's own evidence establishes this defense as the sole reasonable conclusion.

**3. Automobiles § 42d—**

Evidence tending to show that testate, driving a tractor-trailer along his right lane of a four-lane highway, collided with the rear of a truck which was parked on the right shoulder with its rear extending eight to ten inches over the hard surface, without lights or reflectors, and that at the time a vehicle was passing the tractor-trailer in the left lane for traffic going in that direction, *held* not to disclose contributory negligence as a matter of law on the part of testate.

APPEAL by plaintiff from *Walker, S.J.,* June Civil Session "C" 1965 of MECKLENBURG.

Plaintiff, as executrix of her husband's estate, brings this action for the wrongful death of her husband which resulted from a collision between a Burlington Industries, Inc., tractor-trailer, driven at the time by plaintiff's testate, and a "flat-bed pickup truck of defendant W. C. Hanline and/or Hanline Poultry Company" (Hanline), which had been parked on the shoulder of the southbound lane of Interstate 85 (I-85) about one-half mile south of the intersection of the Sam Wilson Road and I-85, in Mecklenburg County, between Charlotte and Gastonia, by the alleged employee of defendant Hanline, defendant Harry Lee Grier (Grier).

From the defendants' answer and from the evidence it appears that about noon on 4 February 1963 defendant Grier, while operating defendant Hanline's truck on I-85 between Charlotte and Gastonia, experienced mechanical difficulty with said truck and left the truck standing on the north shoulder of I-85. I-85, in the vicinity of where the collision occurred, consists of four traffic lanes: two lanes being provided for traffic traveling in a, generally, westerly or

southwesterly direction, separated by a grass median from two lanes provided for traffic traveling in a, generally, easterly or northeasterly direction. There are "wide paved shoulders" for each of the two outer lanes of traffic.

Plaintiff's evidence tends to show that the Hanline truck was parked on a slight curve and that the road was slightly downhill; that the shoulder of the road was fifteen to eighteen feet wide, part of which was asphalt; that the Hanline truck was "painted a dark color" and was parked at an angle, with the rear left of the flat-bed protruding out "eight to ten inches across the running part of the highway, the cement part." The evidence further tends to show that the parked truck had no lights or reflectors on it that could be observed.

Plaintiff's witness, Morris Roger Shaver, testified that on 5 February 1963, on I-85, he "came up behind this tractor-trailer * * * and I followed behind the truck for some distance * * *. I was proceeding to pass the tractor-trailer and it seemed like it just lifted up in the air and went off to the side of the road. * * * I was following the Burlington Industries unit traveling at approximately 55 to 58 miles per hour * * * my opinion is that it was going about 50 to 55 miles per hour. The Burlington Industries truck * * * was driving in the right-hand lane * * * the lane nearest * * * the shoulder of the road. * * * I did not at any time prior to the accident see or observe this pickup truck that I saw after the accident. * * * (I)t was just coming daylight and I was traveling with my headlights on. * * * I got alongside of the unit and about the edge of the tractor's wheel, I was in the extreme left-hand lane * * * when I saw it rear up."

The collision occurred at approximately 7:00 a.m. on 5 February 1963. "It was not dark, neither was it completely daylight."

Several witnesses testified that they passed the Hanline truck between 2:00 a.m. and the time the collision occurred. The presence of the Hanline truck protruding into the traveled portion of I-85 caused each witness to "swerve to the left," into the other lane, or nearer the broken white line between the lanes. There was no obstruction in the inside lane at the time each of these witnesses had to "swerve to the left" to avoid colliding with the Hanline truck.

At the close of plaintiff's evidence, defendants' motion for judgment as of nonsuit was allowed and the action dismissed. Plaintiff appeals, assigning error.

*Hedrick, McKnight & Parham for plaintiff appellant.*
*Wardlow, Knox, Caudle & Wade for defendant appellees.*

DENNY, C.J. The sole assignment of error is based upon the exception to the ruling of the court below in granting defendants' motion for judgment as of nonsuit at the close of plaintiff's evidence.

It is provided in G.S. 20-161 as follows: "(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway: * * *."

The evidence adduced in the trial below is to the effect that defendant Grier parked the flat-bed pickup truck of Hanline on the shoulder of I-85 at an angle, with the rear left corner of the flat-bed truck protruding eight or ten inches into the traveled portion of the northern or outside lane of said highway. The uncontradicted evidence is to the effect that the shoulder of the road where the Hanline truck was parked was fifteen to eighteen feet wide. The evidence further tends to show that the parked vehicle had no lights or reflectors on it that could be observed by a motorist approaching the truck from its rear.

In our opinion, the provisions of G.S. 20-161 require that no part of a parked vehicle be left protruding into the traveled portion of the highway when there is ample room and it is practicable to park the entire vehicle off the traveled portion of the highway.

Ordinarily, when it affirmatively appears from the plaintiff's evidence that at the time of the accident the plaintiff was violating a safety statute or was guilty of conduct which was the proximate cause or one of the proximate causes of the accident, he will be held guilty of contributory negligence as a matter of law. *Weston v. R. R.,* 194 N.C. 210, 139 S.E. 237; *Lee v. R. R.,* 212 N.C. 340, 193 S.E. 395; *Austin v. Overton,* 222 N.C. 89, 21 S.E. 2d 887; *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *McKinnon v. Motor Lines,* 228 N.C. 132, 44 S.E. 2d 735; *Riggs v. Gulf Oil Corp.,* 228 N.C. 774, 47 S.E. 2d 254.

In the instant case, there is no evidence that plaintiff's testate was violating any safety statute at the time of the accident. There is evidence, however, to the effect that at the time of the collision another vehicle was passing the Burlington Industries truck on its left.

In *Lambert v. Caronna,* 206 N.C. 616, 175 S.E. 303, it is said: "'Evidence tending to show that the plaintiff's automobile collided with defendant's truck parked partly across the highway on a dark night without a tail light in violation of statute, causing personal injury to the plaintiff and damage to his car, is sufficient to sustain an

affirmative answer upon the issue of defendant's actionable negligence.

'Contributory negligence of the plaintiff will not be held to bar recovery as a matter of law when an inference in his favor is permissible from the evidence, and in this case where the defendant had parked its car on a dark night upon the side of the highway without a tail light, and there is a reasonable inference that under the existing conditions the plaintiff could not have seen the truck in time to have avoided the injury, in the exercise of ordinary care, the question of contributory negligence upon the issue is for the determination of the jury.' "

In the case of *Cole v. Koonce*, 214 N.C. 188, 198 S.E. 637, defendants' truck was parked on the side of the highway with the left rear of the truck protruding twenty-eight inches on the concrete. Plaintiff was nonsuited below. Upon appeal, this Court reversed and, among other things, said: "It is a familiar rule that a judgment of involuntary nonsuit on the ground of contributory negligence of the plaintiff cannot be rendered unless the evidence is so clear on that issue that reasonable minds could draw no other inference. * * * Where the factors of decision are numerous and complicated, and especially where the opinions and estimates of witnesses play a prominent part, the court must exercise great care to avoid invading the province of the jury, when passing upon the conduct of the plaintiff and his ability, by the exercise of due care, to avoid the consequences of defendant's negligence. Practically every case must 'stand on its own bottom.' "

In *Williams v. Express Lines*, 198 N.C. 193, 151 S.E. 197, plaintiff collided with defendant's truck parked on a highway without a tail light. Brogden, J., speaking for the Court, in upholding a verdict for the plaintiff, said: "* * * (T)he law imposes upon the driver of a motor vehicle the duty of keeping a reasonably careful lookout, not only for other travelers, who are using the highway, but for dangers incurred along the journey. Huddy on Automobiles, 7th Ed., 950. As to whether a motorist, at a given time, was keeping a reasonably careful lookout to avoid danger is ordinarily an issue of fact, and hence the determination of such fact is for a jury. * * *"

In the case of *Tyson v. Ford*, 228 N.C. 778, 47 S.E. 2d 251, Stacy, C.J., said: "There are two lines of decisions in our Reports involving highway accidents which turn on the question of contributory negligence. *Hayes v. Telegraph Co.*, 211 N.C. 192, 189 S.E. 499. In this, as in other matters where a line must be drawn, there will be cases very near each other on opposite sides. Indeed, the line of demarca-

tion may be difficult to plot in some instances. While simple enough in statement, its application is the place of the rub. *Sibbitt v. Transit Co.,* 220 N.C. 702, 18 S.E. 2d 203. 'A serious and troublesome question is continually arising as to how far a court will declare certain conduct of a defendant negligence, and certain conduct of a plaintiff contributory negligence, and take away the question of negligence and contributory negligence from the jury.' *Moseley v. R. R.,* 197 N.C. 628, 150 S.E. 184."

This Court recently held in the case of *Rouse v. Peterson,* 261 N.C. 600, 135 S.E. 2d 549, that where plaintiff was driving her automobile within the maximum speed limit "she cannot be held contributorily negligent as a matter of law in outrunning her headlights, if she did, which we do not concede, and striking the rear end of the pickup truck stopped on the highway without lights. G.S. 20-141 (e) * * *." See also *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276; *Melton v. Crotts,* 257 N.C. 121, 125 S.E. 2d 396; *Correll v. Gaskins,* 263 N.C. 212, 139 S.E. 2d 202.

In our opinion, plaintiff's evidence, when considered in the light most favorable to her, is sufficient to entitle her to go to the jury upon proper instructions on the issues of negligence, contributory negligence and damages, and it is so ordered.

The judgment as of nonsuit entered below is

Reversed.