KATHLEEN WRIGHT WILSON, ADMINISTRIX OF THE ESTATE OF BESSIE
H. WRIGHT v. RUTH ENGLAND MILLER AND TOM WRIGHT

No. 7327SC772

(Filed 12 December 1973)

1. **Automobiles § 56— striking car stopped partly on highway — negligence**

   Plaintiff's evidence was sufficient to be submitted to the jury on
   the issue of defendant's negligence where it tended to show that plaintiff's intestate was a passenger in a car driven by defendant in the
   outside lane of a divided four-lane highway, that another motorist
   had stopped her car partly in that lane and was talking to a person
   standing on the shoulder of the highway, that the car in front of
   defendant swerved to the inside lane and defendant's vehicle struck
   the vehicle which was partly on the highway, and that at the time of
   the accident the other motorist had her turn signal on and had her
   arm out the window waving cars around her, the person standing on
   the shoulder was waving his arms to get approaching traffic to
   switch lanes, and there was no traffic in the inside lane.

2. **Automobiles § 55— parking or leaving vehicle standing on highway**

   Plaintiff's evidence was sufficient to be submitted to the jury on
   the issue of defendant's negligence in parking or leaving her vehicle
   standing on the highway in violation of G.S. 20-161(a) where it
   tended to show that defendant stopped her car partly in the outside
   lane of a four-lane highway and was talking to a person standing on
   the shoulder of the highway, that there was ample room on the shoulder for defendant to have completely pulled her car off the highway,
   and that a car in which plaintiff's intestate was a passenger, driving
   in the outside lane, collided with defendant's car.

3. **Death § 9; Negligence § 44; Torts § 6— negligence by surviving spouse
   and another — death not related to accident — rule that one cannot
   profit from own wrong**

   Where the jury found that an intestate's injuries were proximately
   caused by defendant and by the intestate's surviving spouse, but the
   intestate died from causes not related to the accident, defendant was
   not entitled to have the judgment against her reduced by the amount
   the surviving spouse would receive through the estate of his deceased
   spouse on the theory that he should not profit by his own wrongdoing.

APPEAL by defendants from *McLean, Judge,* at the 7 May
1973 Session of GASTON Superior Court.

This is a civil action to recover for personal injuries sustained by Bessie H. Wright in an automobile accident on 7 November 1969. Bessie H. Wright died, from nonrelated causes,
pending the trial and the administratrix of her estate was substituted as plaintiff. On the date of the accident as the defendant

Miller was traveling west in the outside lane of U. S. Highway 74 (a four-lane highway) between Gastonia and Kings Mountain, she noticed one Edward Mullinax on the west shoulder waving her down. Mrs. Miller stopped, and according to some testimony, pulled at least halfway off the highway; and according to other testimony, she stopped with all four wheels on the paved portion of the highway. She engaged in a conversation with Mullinax whom she knew and whose automobile was stalled in the nearby median between the eastbound and westbound traffic lanes. This was outside of a business or residential district.

The plaintiff's intestate was a passenger in the car driven by her husband, defendant Tom Wright. Defendant Wright, some two minutes behind Mrs. Miller, was proceeding west in the outside lane of U. S. Highway 74 at approximately 45 miles per hour. He was following two other vehicles and noticed the car in front of him switching lanes back and forth then finally swerving into the inside lane. The Wright vehicle then collided with the Miller vehicle resulting in the alleged injuries.

Mr. Wright testified that he saw no brake lights on the Miller vehicle, nor any turn signal or arm signals. Wright also stated that he saw no warnings of any kind being given by the man (Mullinax) standing on the shoulder beside the Miller car. He further stated that he could not pull to the right because of the presence of Mullinax nor to the left due to the presence of other cars passing in the inside lane.

Mrs. Miller testified that despite the fact that there was ample room on the shoulder, she did not pull completely off the road due to the presence of Mullinax. Mrs. Miller also stated that at the time of the accident she had her turn signal on; that she had her arm out the window waving cars around her; that Mullinax was waving his arms to get the approaching cars to switch lanes; and that there was no traffic in the inside lane.

From a judgment of Five Thousand Dollars ($5,000) against them, both defendants appealed.

*Ramseur & Gingles by Donald E. Ramseur for plaintiff appellee.*

*Carpenter, Golding, Crews & Meekins by James P. Crews for defendant appellant Ruth England Miller.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellant Tom Wright.*

CAMPBELL, Judge.

[1] Defendant Wright asserts that his motions for directed verdict and judgment notwithstanding the verdict were improvidently denied and that the defendant Miller's actions were the sole proximate cause of the accident. In determining the sufficiency of a plaintiff's evidence to withstand a defendant's motion for directed verdict and for judgment notwithstanding the verdict, "all evidence which supports plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff, giving to plaintiff the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in plaintiff's favor." *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970); *Horton v. Insurance Co.,* 9 N.C. App. 140, 175 S.E. 2d 725 (1970), *cert. denied,* 277 N.C. 251 (1970). We find that the evidence, considered in the proper light, was sufficient to present a jury question.

[2] Defendant Miller also appealed the denial of her motions for directed verdict and judgment notwithstanding the verdict. She contends that she was not in violation of G.S. 20-161(a) which read in pertinent part at the time in question as follows:

". . . No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway: Provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in both directions upon such highway: . . ."

Wilson v. Miller

Violation of the section is negligence *per se*. *Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361 (1965). But whether such a violation is the proximate cause of injury in a particular case is ordinarily a question for the jury. *Barrier v. Thomas & Howard Co.,* 205 N.C. 425, 171 S.E. 626 (1933). The plaintiff notes that the terms "park" and "leave standing" as used by the statute do not include a mere temporary stop for a necessary purpose when there is no intent to break the continuity of travel. *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d 147 (1942). Examples of cases in which this principle has been applied are: *Meece v. Dickson,* 252 N.C. 300, 113 S.E. 2d 578 (1960), reversed on other grounds, *Melton v. Crotts,* 257 N.C. 121, 125 S.E. 2d 396 (1962) (disabled vehicle); *Leary v. Bus Corp.* and *McDuffie v. Bus Corp.,* 220 N.C. 745, 18 S.E. 2d 426 (1942) (bus stopping to let passenger alight); *Skinner v. Evans,* 243 N.C. 760, 92 S.E. 2d 209 (1956) (deputy sheriff stopped in highway to get intoxicated person on opposite side of road to get in police car); and *Kinsey v. Town of Kenly,* 263 N.C. 376, 139 S.E. 2d 686 (1965) (police car stopped in road alongside of vehicle which policeman had stopped). We feel that these cases are distinguishable on their facts and that in this particular case *Sharpe v. Hanline,* 265 N.C. 502, 144 S.E. 2d 574 (1965) is more applicable.

In *Sharpe, supra,* a truck with mechanical difficulties was left protruding onto the highway despite the availability of a fifteen to eighteen foot wide shoulder. The parked truck did not have lights or reflectors on it that could be observed by approaching motorists. The court in *Sharpe, supra,* found that there was sufficient evidence to go to the jury. Taking the evidence in the proper light in the case at bar we find no error in the trial court's submitting to the jury the issue of defendant Miller's negligence. *Parrish v. Bryant,* 237 N.C. 256, 74 S.E. 2d 726 (1953).

Defendant Miller contends that the charge was erroneous in its application of G.S. 20-161(a). This contention is without merit as the trial court's instruction was both clear and complete.

[3] Finally, defendant Miller contends that any judgment against her be reduced by the amount that defendant Wright would be entitled to receive through the estate of his deceased wife on the theory he should not profit by his own wrongdoing.

However, any wrongdoing by the defendant Wright did not contribute to the death of his wife. This is not a wrongful death case and the wrongful death statute has no application to personal injury claims. *Hoke v. Greyhound Corp.*, 226 N.C. 332, 38 S.E. 2d 105 (1946). Wright will get no direct benefit which bypasses his wife's estate. The recovery merely becomes part of the general assets of the estate of the injured party. The surviving spouse does not lose his right of inheritance because the claim arose on account of the negligence of the surviving spouse since negligence is not one of the grounds for forfeiture of marital rights as set out in G.S. 31A-1. The recovery should not be reduced.

No error.

Judges HEDRICK and VAUGHN concur.