ALBERT H. CLARKE v. WILLIAM MARTIN.

(Filed 17 April, 1940.)

1. **Automobiles §§ 14, 18a—**

Evidence that defendant parked his truck before daylight on the right-hand side of the highway without proper signal lights in the rear thereof, and that plaintiff ran his automobile into the rear of the truck, resulting in injury to his person and damage to his car, *is held* sufficient to be submitted to the jury on the issue of negligence.

2. **Automobiles §§ 12a, 18c—Motorist must be able to stop car within distance he can see an obstacle, and speed in excess thereof is negligence.**

It is negligence for a person to drive an automobile at a speed rendering it impossible for him to stop his car within the distance he is able to see an obstruction under the conditions existing, and in plaintiff's action to recover damages sustained when his car struck the rear of defendant's truck, which was parked on a highway before daylight without proper signal lights, it is error for the court to refuse to give, in substance at least, a requested instruction, supported by the evidence, that if plaintiff was driving at a speed of about 20 or 25 miles per hour and that because of the darkness, fog, and ice on his windshield, plaintiff's vision was restricted to 10 or 15 feet in front of his machine, and that at that speed a greater distance than 15 feet would be required to stop his machine, plaintiff would be guilty of negligence which, if the proximate cause or one of the proximate causes of the accident, would constitute contributory negligence barring recovery.

CLARKE v. MARTIN.

3. Trial § 32—

It is error for the court to refuse to give in substance, at least, a requested instruction on a material phase of the case arising on the evidence.

APPEAL by defendant from *Cowper, Special Judge,* at January Special Term, 1940, of CALDWELL.

*James C. Farthing and Hal B. Adams for plaintiff, appellee.*
*Hunter Martin for defendant, appellant.*

SCHENCK, J. This is an action to recover damages for injury to person and property alleged to have been caused by the negligence of the defendant.

We hold that the motion for judgment as in case of nonsuit lodged when the plaintiff had introduced his evidence and rested his case, and renewed at the close of all of the evidence was properly denied.

There was evidence tending to prove that in the early morning of 30 December, 1937, before daybreak, the defendant had parked his truck on the right-hand side of the State Highway without proper signal lights in the rear thereof, and that the plaintiff, approaching from the rear of the truck, ran his automobile into it, thereby causing injury to his person and his automobile. There was further evidence tending to show that the morning was dark and foggy and plaintiff was dependent upon his lights to see the road, that the weather was cold and caused the fog to freeze upon the windshield of the plaintiff's automobile and obscured his sight to such an extent as to limit the scope of his vision to not more than 10 or 15 feet ahead, that the plaintiff was driving at a speed of 20 to 25 miles per hour, and that at that speed it required more than 10 or 15 feet in which to stop the automobile, that the first thing plaintiff saw was a light on the cab of the truck, but he didn't see this light until he "rammed in the back of the truck," and after seeing the light he "didn't have time to stop or anything until he hit it."

Upon the second issue, relating to contributory negligence, the defendant, in apt time in writing, requested the court to give the following instruction:

"If you find from the evidence, and by its greater weight, the burden being upon the defendant, that the plaintiff, Albert H. Clarke, was driving his automobile at the time of the accident at a speed of about 20 or 25 miles per hour on a dark, foggy and cold morning, when he had to rely on the lights of his machine, and that the said Albert H. Clarke had allowed fog, freezing fog, or ice to accumulate on the windshield of his machine to such an extent that his vision was obstructed or impaired and that the said Albert H. Clarke could see only 10 or 15

CLARKE v. MARTIN.

feet in front of his machine and that a much greater distance than 15 feet would be required to stop his machine, then and in that event the plaintiff would be guilty of negligence, and if you further find from the evidence, and by its greater weight, the burden being on the defendant, that such negligence was either the proximate cause or one of the proximate causes of plaintiff's injury, then and in that event the plaintiff would be guilty of contributory negligence, and it would be your duty to answer the second issue 'Yes.' "

The court refused to give the instruction requested and the defendant preserved exception. The requested instruction, we think, was a correct one, and as neither it nor its substance was given in the general charge its refusal must be held for error. C. S., 565; *Brink v. Black,* 77 N. C., 59; *Lloyd v. Bowen,* 170 N. C., 216.

In *Weston v. R. R.,* 194 N. C., 210, *Brogden, J.,* in a well considered opinion, quotes with approval from Huddy on Automobiles, 7 Ed., 1924, sec. 396, as follows: "It was negligence for the driver of the automobile to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his light, or within the distance to which his lights would disclose the existence of obstructions. . . . If the lights on the automobile would disclose obstructions only ten yards away it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance. If the lights on the machine would disclose objects further away than ten yards, and the driver failed to see the object in time, then he would be conclusively presumed to be guilty of negligence, because it was his duty to see what could have been seen."

The principle here enunciated is applicable to the case at bar. There was evidence tending to show, as stated in the *Weston case, supra,* that the defendant "was out-running his headlights" in disregard of his duty not to run at a speed requiring a greater distance than he could see in which to stop, and the plaintiff was entitled to have this phase of the case presented to the jury when request therefor was duly made.

For the error assigned there must be a

New trial.