WILLIAM IRA WILSON v. J. L. WEBSTER AND WIFE, BESSIE WEBSTER.

(Filed 11 December, 1957)

Automobiles § 42d—

Evidence tending to show that plaintiff was blinded by the lights of a vehicle traveling in the opposite direction, that just after he passed this vehicle he hit defendant's car, which had been parked without lights and left unattended with the two left-hand wheels about two feet on the hard surface, *held* not to warrant nonsuit. G.S. 20-141 (e).

APPEAL by defendants from *Johnston, J.,* March Civil Term 1957 of CASWELL.

This action was instituted by the plaintiff to recover for damages to his automobile resulting from the alleged negligence of the defendants.

According to the plaintiff's evidence, he was driving his automobile westwardly on the Union Ridge Road in Caswell County "close to 7 o'clock, good dark," on 23 March 1956, headed towards Highway No. 62; that when he was about 100 to 150 yards of Highway No. 62 he saw a car crossing the highway

coming towards him; "it had awful bright lights and blinded me;" that the driver of the car meeting him failed to dim his lights; that he had to look down right close in front of his car to keep from running across the line into the man he was approaching; that just as he passed this car, he hit a Buick car owned by the defendant Jack Webster, which had been parked by his wife, Mrs. Bessie Webster. That the Webster car had been parked and left unattended with the two left-hand wheels about two feet on the hard surface part of the road; that there were no lights on the Buick car. The plaintiff's car was traveling about 20 miles per hour at the time of the collision.

According to the defendants' evidence, the paved portion of the highway was 18 feet wide with approximately 7 feet of shoulder, 3½ feet on each side. That Mrs. Webster had parked the Buick car on the road headed in a westerly direction approximately two feet over on the paved surface. That the plaintiff stated at the time of the accident he was traveling 30 to 35 miles an hour.

The issues of negligence and contributory negligence were submitted to the jury. These issues were answered in favor of the plaintiff and his damages assessed at $310.00.

The defendants set up a cross-action and the jury answered the pertinent issue submitted on the cross-action against the defendants.

Defendants appeal, assigning error.

*D. Emerson Scarborough, for defendant appellants.*
*No counsel contra.*

PER CURIAM. The only assignment of error on this appeal is to the failure of the court below to sustain the defendants' motion for judgment as of nonsuit.

It would seem that under the provisions of G.S. 20-141 (e) and our decisions, the evidence adduced in the trial below was sufficient to carry the case to the jury. *Burchette v. Distributing Co.,* 243 N.C. 120, 90 S.E. 2d 232; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276; *Boles v. Hegler,* 232 N.C. 327, 59 S.E. 2d 796; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11.

The ruling of the court below is
Affirmed.