CLYDE H. HUTCHINS v. W. HORACE CORBETT, WILBUR R. CORBETT, AND WADDELL A. CORBETT, T/A CORBETT PACKAGE COMPANY.

(Filed 21 May, 1958.)

**Automobiles § 42d—**
> Evidence tending to show that the driver of a tractor-trailer on a four-lane highway, separated into two east-bound and two west-bound lanes, was traveling west and, in attempting to turn around on the west-bound lanes, had driven the tractor so that it was headed east in the south lane for west-bound traffic, with the trailer completely blocking both west-bound lanes, and that plaintiff, traveling at a lawful speed and blinded by the lights of the tractor, struck the side of the trailer, *is held* not to show contributory negligence as a matter of law on the part of plaintiff.

APPEAL by defendants from *Hall, J.*, November, 1957 Civil Term, DURHAM Superior Court.

Civil action for personal injuries alleged to have been caused by the actionable negligence of the defendant. The main defense relied upon by the defendant is the contributory negligence of the plaintiff.

The evidence disclosed the following: On August 8, 1956, at about 10:15 p. m., the plaintiff was driving his automobile westerly on Highway No. 70 near Durham. No. 70 is a four-lane boulevard type paved highway, the two north lanes for west-bound traffic, and the two south lanes for east-bound traffic, with a strip between the north and south

lanes. It is the by-pass around Durham. As the plaintiff passed over the crest of a hill (going west) he saw in front the lights of a vehicle shining in his direction which he thought were in the south lane (for east-bound traffic). He was blinded by the lights. " . . . the next thing he knew he heard his wife 'holler,' 'Lookout, Honey,' whereupon he applied his brakes and 'it just smacked me, . . .' " The plaintiff was driving within the speed limit.

The driver of the defendants' tractor-trailer, intending to travel Highway 70A into the City of Durham, had inadvertently passed the point where it turned off. He attempted to turn back to the intersection for the purpose of going into town. He had completed the turn to the extent that the cab was in the left lane for west-bound traffic, but headed east, and the body of the tractor-trailer extended at about a 45-degree angle, completely blocking both lanes for west-bound traffic. The trailer body was "of wood, the color of painted barns . . . and faded." The plaintiff was severely injured.

Issues of negligence, contributory negligence, and damages were submitted to the jury and answered for the plaintiff. From the judgment on the verdict, the defendants appealed.

*Reade, Fuller, Newsom & Graham, By: F. L. Fuller, Jr., for defendants, appellants.*
*E. K. Powe for plaintiff, appellee.*

WINBORNE, *C. J.* Plaintiff, the appellant, states in his brief filed the evidence show contributory negligence as a matter of law? There is no evidence the plaintiff was exceeding the speed limit or otherwise violating safety laws. Should he have seen the trailer which completely blocked his road in time to have avoided running into it? The circumstances clearly make the question one for the jury. In discussing the law of the case, nothing need be added to what this Court has said in *Burchette v. Distributing Co.*, 243 N. C. 120, 90 S. E. 2d 232; and *Wilson v. Webster*, 247 N.C. 393, 100 S.E. 2d 829.

No Error.