### ELEANOR DEANE BROOKS v. CHARLIE WILLIAM HONEYCUTT AND CHARLES YORK.

(Filed 29 April, 1959.)

**1. Automobiles § 42d—**

Plaintiff's testimony to the effect that she was traveling at a lawful rate of speed at night, and, blinded by the lights of a vehicle traveling in the opposite direction, failed to see an automobile standing without lights in her lane of travel until within approximately fifty feet thereof, and that she turned left, but was unable to avoid striking the left rear of the standing vehicle, precludes nonsuit on the ground of contributory negligence under the 1953 amendment to G.S. 20-141(e).

**2. Automobiles § 46—**

An instruction stating the principles of law involved in the action and the respective contentions of the parties, but failing to apply the principles of law to the various state of facts arising on the evidence, must be held for prejudicial error. G.S. 1-180.

APPEAL by defendants from *Sink, E. J.*, at August Civil Term 1958 of UNION.

Civil action to recover for personal injury and property damage sustained in motor vehicle collision proximately resulting from actionable negligence of defendants as alleged in the complaint.

Plaintiff alleges in her complaint substantially the following: That on said date at about 6:20 P. M., she was operating her 1957 Ford on her right-hand side of the highway #200, when she came in sight of a vehicle standing in the road to her left; headed in northerly direction, with its headlights on bright, later ascertained to be the truck of defendant Charles York, operated by him; that just before she reached the point where this truck was standing, it started moving in northerly direction along said highway with its headlights still on bright, partially blinding her; that then when within fifty feet thereof she saw the 1951 Hudson automobile of defendant Charlie William Honeycutt, standing unlighted in her lane of traffic just parallel

with the place where the truck of Charles York had been standing; and that when she so observed said Hudson automobile, she applied her brakes and pulled her car to the left, but was unable to go between the standing Hudson and the back of the truck operated by Charles York, and ran into the back of the Hudson with the right front of her Ford automobile, causing damage to it and injury to her.

Plaintiff further alleged in her complaint in substance that defendant, Charlie William Honeycutt, was negligent in the following ways: That he left his Hudson automobile standing in the traveled portion of said highway and in its right-hand lane of traffic, without lights upon it, or other warning signals, for a period of twenty minutes in the night time, all in violation of G.S. 20-161; and that he failed to exercise due care under existing circumstances contrary to G.S. 20-140, and that this negligence on the part of defendant Charlie William Honeycutt was one of the proximate causes of the injury to plaintiff and damage to her automobile as aforesaid.

And plaintiff further alleges in her complaint substantially the following: That the defendant, Charles York, was negligent in these ways:

"A. That he parked his motor vehicle in the northbound lane of the paved portion of N. C. Highway #200 just parallel with the parked Hudson automobile of Charlie William Honeycutt, thereby blocking the entire paved portion of the highway, contrary to G.S. 20-161.

"B. That he left his headlights on bright, thereby blinding drivers of vehicles heading south on said highway, contrary to G.S. 20-161.1.

"C. That he failed to sound his horn, dim or flicker his lights, or do anything in order to warn the plaintiff of the dangerous situation existing on the highway, contrary to G.S. 20-140.

"D. That he failed to use the care, caution and circumspection that a person of ordinary reason and prudence would have used under the circumstances and in the situation then and there existing, contrary to G.S. 20-140 * * * ."

And that said negligence on the part of defendant, Charles York, was the proximate, or one of the proximate causes of the collision and the resulting damages and injuries to the plaintiff.

On the other hand, the defendants Charlie William Honeycutt and Charles York, each in separate answer, deny in material aspects the allegations of the complaint so set forth; and each avers that plaintiff was contributorily negligent in the operation of her Ford automobile in that:

"(a) She was driving * * * at a fast and unlawful rate of speed, under the circumstances and conditions then existing.

"(b) She was operating her said automobile in a careless and reckless manner, without due care and caution and at a speed and in a manner so as to endanger or be likely to endanger the person or property of others upon said highway.

"(c) * * * without keeping a proper lookout * * * and without keeping her said automobile under proper control, as required by law * * * ."

And the record of case on appeal shows (1) that at the trial term of Superior Court it was stipulated "that on or about the 25th day of October 1957, plaintiff was the owner and operator of a 1957 Ford automobile * * * traveling south on N. C. Highway #200 and had reached a point about 7.2 miles north of Monroe, N. C., when the collision referred to * * * occurred; that on said date defendant Charlie William Honeycutt was the owner and operator of a 1951 Hudson automobile; that on said date the defendant, Charles York, was operating a truck headed north on * * * Highway #200, in the close vicinity of the place where the 1951 Hudson automobile was standing on the highway, when the collision * * * occurred; that N. C. Highway #200 at the scene of the collision is a paved highway 20 feet wide with an 8-foot wide shoulder on each side; that at the point of said collision, said highway is straight and approximately level; that at the time of said collision, said highway was dry and the sky was clear and that at the point of such collision, said highway runs in a northerly-southerly direction."

(2) That upon the trial in Superior Court both plaintiff and defendants offered testimony tending to support their respective contentions as set forth in the pleadings,— plaintiff testifying particularly that " * * * I was driving approximately forty miles an hour or forty-five, when I came in sight. As I came closer to the lights in the highway, I reduced my speed approximately 5 or 10 miles. When I came closer to those lights, I saw this car sitting on the road. It was a dark looking car and I did not see it until I got past the lights on the truck enough that my lights shined on the other car. * * * I was approximately 50 feet or something like that from the Hudson automobile the first time I saw it sitting on my side of the road. I applied my brakes. The truck was up above the car just a little. There was 20 or 30 feet, I mean yards, between the back of the Hudson automobile and the truck. I applied my brakes and turned to the left. The right front of my automobile hit the left back of the * * * Hudson automobile * * * ."

The case was submitted to the jury upon these issues, which were answered by the jury as indicated:

"1. Was the plaintiff, Eleanor Deane Brooks injured and was her automobile damaged by the negligence of Charlie William Honeycutt, as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff, Eleanor Deane Brooks, injured and her automobile damaged by the negligence of Charles York, as alleged in the complaint? Answer: Yes.

"3. Did the plaintiff, Eleanor Deane Brooks, by her own negligence contribute to her damages and injuries as alleged in the answer? Answer: No.

"4. What amount, if any, is the plaintiff, Eleanor Deane Brooks, entitled to recover for personal injuries? Answer: $7,500.00.

"5. What amount, if any, is the plaintiff, Eleanor Deane Brooks, entitled to recover for damages to her automobile? Answer: $750.00."

Judgment was signed in accordance with the verdict, and each of defendants excepts thereto, and appeals to Supreme Court and assigns error.

*Coble Funderburk for plaintiff, appellee.*
*Smith & Griffin for defendants, appellants.*

WINBORNE, C. J.   The appellants, Charlie William Honeycutt and Charles York, and each of them, by assignments of error based upon exceptions duly taken present two questions: (1) Did the trial court err in denying their motions for judgment as of nonsuit on the ground that plaintiff by her own negligence contributed to her injury and damage as alleged in the answer as a matter of law?

And (2) if not, did the court err in failing to charge the jury in conformity with the provisions of G.S. 1-180 in manner stated?

The first assignment of error merits a negative answer on the authority of *Burchette v. Distributing Co.*, 243 N.C. 120, 90 S.E. 2d 232, where this Court interpreted Chapter 1145 of 1953 Session Laws amending G.S. 20-141 (e), the speed law, by adding thereto the proviso: "That the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits described by G.S. 20-141 (b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence *per se* or contributory negligence *per se* in any civil action, but the facts relating thereto may be considered with other facts in such action in determining the negligence or contributory negligence of such operator."

It is there stated, "Hence, interpreting the amendatory act, if the driver of a motor vehicle who is operating it within the maximum speed limits prescribed by G.S. 20-141 (b) fails to stop such vehicle within the radius of the lights of the vehicle or within the range of his vision, the courts may no longer hold such failure to be negligence *per se,* or contributory negligence *per se,* as the case may be, that is negligence or contributory negligence, in and of itself, but the facts relating thereto may be considered by the jury, with other facts in such action in determining whether the operator be guilty of negligence or contributory negligence as the case may be. However, this provision does not apply if it is admitted, or if all the evidence discloses, that the motor vehicle was being operated in excess of the maximum speed limit under the existing circumstances as prescribed under G.S. 20-141 (b)."

Therefore, in the light of the testimony of plaintiff hereinabove quoted, tested by the provisions of the amendatory act as so interpreted, the issue of contributory negligence of plaintiff was one for the jury in the instant case. This principle is followed in *Wilson v. Webster,* 247 N.C. 393, 100 S.E. 2d 829; *Hutchins v. Corbett,* 248 N.C. 422, 103 S.E. 2d 497.

Now in respect to assignments of error Numbers 4, 5, 6, 7, 8 and 9, based on exceptions of like numbers to the charge, a reading of the charge in the light of decided cases leads to the conclusion that prejudicial error appears. *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Glenn v. Raleigh,* 246 N.C. 469, 98 S.E. 2d, 913, and cases cited, and numerous others.

In Assignment 4, Exception 4, for example, it is pointed out that "the court in charging the jury with reference to issues of negligence, erred in that, in all of its statements of principles of law, the court stated the principles of law in general terms and thereafter merely stated to the jury some of the testimony and some of the contentions of the parties and failed and neglected to state to the jury the application of the principles of law as to the facts arising from the evidence or any of the several possible findings of fact by the jury, and thereby failed to declare and explain the law arising on the evidence given in the case as required by G.S. 1-180." The other assignments in this aspect are of similar import.

In the *Chambers* case, *supra* the Court said: "Nowhere in the charge did the court explain the law applicable to the evidence upon which the defendants' contentions were based, should the jury find the facts from the evidence to be as contended for by them. Such

omission constitutes a failure to comply with the provisions of G.S. 1-180," citing cases.

Hence the Court is constrained to hold that for error in the charge in respects pointed out, defendants appellants are entitled to a new trial, and it is so ordered.

New Trial.