MURIEL H. HINES v. RUDOLPH EDWARD BROWN, ORIGINAL DEFENDANT, AND WILEY BOONE, ADDITIONAL DEFENDANT.

(Filed 12 April, 1961.)

1. **Automobiles § 50—**

   Where an automobile is being driven by an employee under the direction and control of the owner-passenger, any negligence of the driver is imputed to the owner.

2. **Negligence § 26—**

   Nonsuit on the ground of contributory negligence may be allowed only if the evidence establishes such contributory negligence as the sole reasonable inference that may be drawn from the evidence.

3. **Automobiles § 42d— Evidence held to show contributory negligence as matter of law in colliding with rear of unlighted vehicle.**

   Evidence tending to show that defendant's vehicle was parked during the nighttime in plaintiff's lane of travel without lights, except for a flashlight by which a passenger was examining a road map, that the driver of the car in which plaintiff was riding saw this light when he was some fifty feet away, but did not apply his brakes until he was within fifteen or twenty feet away and too close to stop or turn either

to the right or left, that the road was straight and unobstructed with room to pass the parked vehicle on either side, and that plaintiff's vehicle was in good condition with good lights and brakes, *is held* to disclose contributory negligence as a matter of law on the part of plaintiff's driver.

**4. Automobiles § 7—**

The operator of a motor vehicle is under duty to exercise due care for his own safety and to keep a continuous lookout in the direction of travel, and to increase vigilance when darkness or other conditions increase the danger.

APPEAL by plaintiff from *Parker, J.,* September, 1960 Term, LENOIR Superior Court.

The plaintiff instituted this civil action to recover for her personal injuries resulting from a rear-end collision when the Cadillac in which she was riding ran into the defendant's Ford automobile, parked without lights on the highway. The pleadings raise issues of negligence, contributory negligence, and damages.

The plaintiff's evidence, omitting the details, disclosed the following: The Cadillac involved in the accident was registered in the name of the plaintiff's husband. However, she used it almost daily in operating a gift and antique shop in Kinston and a catering service throughout the surrounding territory.

On June 8, 1958, the plaintiff and a number of her employees, including the additional defendant, Wiley Boone, had served a dinner at a reception in Henderson. The plaintiff's party left Henderson shortly after midnight on their return to Kinston. The additional defendant Boone drove the Cadillac at the direction of the plaintiff who was riding in the back seat. About nine miles north of Kinston, at about three o'clock in the morning, Boone saw a light in front when he was approximately 50 feet away. "When I first recognized it I couldn't tell where it was until I got up on it. I recognized it was a car and it looked like it was inside the car. . . . About 15 or 20 feet of the car, that's when I applied my brakes." He tried to cut to his left but the right fender of the Cadillac struck the rear of the Ford automobile, causing plaintiff's injury. "It was a fair, clear night. No fog. I wasn't meeting any other car. Nothing blinding me." Other evidence indicated the night was dark, with no moonlight.

All the evidence indicated Brown's automobile, without lights, was parked on the hard surface in Boone's lane of traffic. The evidence indicated the light which Boone saw came from a flashlight by which one of the occupants in the station wagon was examining a road map. There was no other light about Brown's vehicle.

At the point of the accident the road was straight and level. The asphalt surface was 21 feet wide, and shoulders were ten feet wide on each side. The Ford automobile "was a bluish, maybe a greenish blue. The back of the car looked muddy or dirty, or wasn't very bright."

Upon the original defendant's motion, Boone, plaintiff's driver, was made an additional defendant for purposes of contribution. At the close of plaintiff's evidence the court entered judgment of involuntary nonsuit, from which the plaintiff appealed.

*Wallace & Wallace, for plaintiff, appellant.*
*White & Aycock, for defendant Brown, appellee.*

HIGGINS, J. The evidence in this case establishes the original defendant's negligence. Likewise it establishes the plaintiff's responsibility for any negligence on the part of the additional defendant Boone. As her agent, acting in her presence and under her control, his negligence is imputable to her.

The nonsuit must be sustained, if at all, upon the ground that Boone's negligence was one of the proximate causes of the accident, and that no reasonable inference to the contrary may be drawn from the facts in evidence. *Bradham v. Trucking Co.,* 243 N.C. 708, 91 S.E. 2d 891; *Badders v. Lassiter,* 240, N.C. 413, 82 S.E. 2d 357; *Hinshaw v. Pepper,* 210 N.C. 573, 187 S.E. 786.

The original defendant's automobile was parked in plaintiff's lane of traffic without lights, except for a flashlight by which a passenger was examining a road map. Boone saw this light when he was 50 feet away, yet he did not apply his brakes until he was 15 or 20 feet from the rear of the vehicle — too late to avoid the collision. The investigating officer testified that skid marks 12 feet in length stopped at the point of impact. This physical evidence emphasizes Boone's failure to apply brakes until he was too close to the Ford automobile to stop short or to turn either to the right or left, though ample unobstructed space permitted.

The operator of a motor vehicle in good condition, with good lights and good brakes, on a straight, level and unobstructed highway should have seen a vehicle parked in his driving lane in time to have avoided it by stopping or by driving to the one side or the other. The evidence discloses nothing by way of legal excuse for the failure. The darkness of the night should have increased the driver's vigilence. "The law charges a nocturnal motorist, as it does every other person, with the duty of exercising ordinary care for his own safety (citing cases) . . . It is the duty of the driver of a motor vehicle not merely

to look, but to keep an outlook in the direction of travel; and he is held to the duty of seeing what he ought to have seen." *Carrigan v. Dover,* 251 N.C. 97, 110 S.E. 2d 825.

In fixing driver responsibility, *Chief Justice Winborne,* in *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804, *Justice Parker, in Carrigan v. Dover, supra, Chief Justice Devin,* in *McClamrock v. Packing Co.,* 238 N.C. 648, 78 S.E. 2d 749, and *Chief Justice Stacy,* in *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251, have stated the ground rules. The evidence in the light most favorable to the plaintiff shows her driver, for whose conduct she is responsible, failed to exercise due care in the particulars hereinbefore indicated. The failure was one of the proximate causes of the accident and injury. Contributory negligence appears as a matter of law from the plaintiff's evidence. The judgment of nonsuit is

Affirmed.