PORTIA EVON SALTER, By Her Next Friend, HARVEY W. MARCUS v. GERALD JOSEPH LOVICK and ELIZABETH HINNANT DUKE.

(Filed 19 September 1962.)

**1. Automobiles § 10—**

Notwithstanding that a motorist is not required to anticipate the presence of an unlighted vehicle parked or standing on the highway in his lane of travel, and is entitled to assume and act upon the assumption, in the absence of anything which gives or should give him notice to the contrary, that another motorist will not expose him to danger by the violation of law or legal duty, a motorist remains under duty to keep a proper lookout and to operate his vehicle as a reasonably prudent person would under the circumstances.

**2. Automobiles § 41f— Evidence of negligence in hitting rear of unlighted vehicle held for jury.**

Evidence tending to show that a motorist traveling at a speed of 55 to 60 miles per hour saw on his left side of the highway a vehicle parked partly on the hard surface with its bright lights facing him, and that he did not decrease speed until he was about 50 feet from a truck parked without lights partly on the hard surface opposite the lighted vehicle, and that he then applied his brakes but was unable to avoid striking the rear of the parked truck, *is held* sufficient to be submitted to the jury on the question of such motorist's negligence in failing to keep a reasonably careful lookout and in traveling at excessive speed under the circumstances, since a man of reasonable prudence, upon seeing the lighted vehicle facing him on the highway, would not have assumed that the road ahead was clear, but would have slowed down and brought his vehicle under control.

**3. Automobiles § 7—**

The failure of a motorist to maintain a reasonably careful lookout is negligence.

**4. Automobiles § 19—**

The doctrine of sudden emergency is not available to a party whose own negligence causes or contributes to the creation of the emergency.

**5. Automobiles § 48; Negligence § 7—**

There can be more than one proximate cause of an injury, and when the injury is caused by the negligence of two persons the injured party may maintain an action for damages against either one or both of the tort-feasors.

**6. Automobiles § 65f—**

Where the evidence of negligence on the part of defendant driver is sufficient to be submitted to the jury and there is evidence that the vehicle was registered in the name of the other defendant, plaintiff is entitled to go to the jury against such other defendant by virtue of G.S. 20-71.1(b).

**7. Automobiles § 41f—**

Where a motorist is traveling within the maximum speed limit prescribed by law, his inability to stop within the radius of his lights is not negligence *per se* but may be considered with other facts upon the issue of negligence, and a charge which instructs the jury in effect that the inability of a motorist, traveling at a lawful speed, to stop within the radius of his lights would constitute negligence *per se* must be held for prejudicial error.

APPEAL by defendants, Gerald Joseph Lovick and Elizabeth Hinnant Duke, from *Parker (J.W.), J.,* 30 April 1962 Civil Term of CARTERET.

Civil action to recover damages for personal injuries, which plaintiff alleges she sustained through the negligence of the defendant Lovick in driving a Rambler automobile, owned and registered in

the name of the defendant Duke, into the rear end of a truck owned by the United States, assigned to the Marine Corps, and parked at night partially on paved Highway #24, while she was riding as a guest passenger in the automobile.

Defendants filed a joint answer denying any negligence on their part, averring that the sole proximate cause of the collision was the negligence of the driver of the parked truck, and alleged conditionally a cross-action for contribution against Donald C. Rowland, alleged driver of the parked truck, pursuant to the provisions of G.S. 1-240. If Rowland was made a party defendant, it does not appear in the record before us. '

By consent of the parties an order was entered transferring the case for trial to Carteret County on the ground that the convenience of witnesses and the ends of justice would be promoted by such change of venue. G.S. 1-83 (2).

The jury found by its verdict that plaintiff was injured by the negligence of the defendant Lovick, as alleged in her complaint; that defendant Lovick was operating the automobile as the agent of the defendant Duke and acting within the scope of his agency; and awarded her damages in the amount of $5,000.00.

From a judgment entered upon the verdict, defendants appeal.

*C. R. Wheatly, Jr., and Whitaker & Jeffress for defendant appellants.*
*Lamar Jones for plaintiff appellee.*

PARKER, J.    Each defendant assigns as error the denial of his or her separate motion for judgment of compulsory nonsuit made at the close of all the evidence offered by plaintiff and defendants. G.S. 1-183.

Plaintiff's evidence, and the evidence of defendants favorable to her, (*Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1), when considered in the light most favorable to her, tends to show:

Defendant Duke on 10 February 1960 owned a Rambler passenger automobile, which was registered in her name, and which she maintained for the pleasure and convenience of her family. On the evening of this day defendant Lovick was operating this automobile with the consent and approval of the defendant Duke to carry her daughter, Nancy, and David Ballou and plaintiff to a ball game in Morehead City: all of these were minors. They had supper at plaintiff's home, drove to the ball game, and a few minutes before the game was finished left to go back to plaintiff's home. Lovick was driving, Nancy was seated beside him, and Ballou and plaintiff were on the back seat.

About 10:30 o'clock p.m. that night in transit to plaintiff's home Lovick was driving west on Highway #24 about six miles west of

Morehead City at a speed of 55 to 60 miles an hour. The maximum speed limit there for passenger automobiles was 60 miles an hour. The lights of the automobile were in good condition. The road, with pavement 20-22 feet wide and with sandy shoulders 8 feet wide, was level and flat. The moon was not shining; wind was blowing "right hard"; "right much salt and sand" in the air; and visibility was not the best.

Lovick and some of the passengers in the automobile, if not all, saw in front of them a motor vehicle on their left side of the highway with bright lights on shining toward them. This vehicle was a big Low-Boy, the kind that carries bulldozers, and was parked partially on the paved highway facing east with its left wheels on the pavement. It was parked a short distance east of a regular Army truck that hauls men with canvas on it, which was partially parked, and apparently disabled, on the right side of the highway, going west with its left rear wheel five feet on the pavement from its edge. It had no lights burning on its rear, but it had reflectors on the rear, which reflected the light from the automobile Lovick was driving. Lovick testified he saw no reflectors on the rear of the truck.

W. J. Smith, a State highway patrolman, who investigated the collision, testified Lovick told him, in the absence of the defendant Duke:

"He was headed west on N. C. Highway #24 at 55 to 60 miles per hour. That he didn't see any obstruction in the road until he was right on top of the truck * * * He said when he was approximately 50 feet of it he saw the truck and applied his brakes and skidded into the rear."

Skid marks led back from the Rambler automobile about 35 feet. The right front of the Rambler automobile hit the left rear of the Army truck.

Plaintiff testified:
"I stated that I saw a reflector on the back of the Marine vehicle. When I first saw the reflector, didn't do anything (sic). I don't know whether he saw it or not. I don't know how long after I saw the reflector before Lovick did anything. However, he pulled the car to the left and applied his brakes. I had seen the reflector before he turned to the left."

In the collision plaintiff sustained personal injuries.

It is true that Lovick was not bound to anticipate or to foresee that an unlighted truck would be left standing on the traveled portion of the highway ahead of him without flares or other signs of danger, and in the absence of anything which gives or should give notice to the contrary, he was entitled to assume and to act upon the assumption

that every other person will perform his duty and obey the law and that he will not be exposed to danger which can come only from the violation of duty or law by some other person, but this did not relieve him of the necessity of keeping a proper lookout and proceeding as a reasonably prudent person would under the circumstances. *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276; *Keener v. Beal,* 246 N.C. 247, 98 S.E. 2d 19.

Plaintiff's evidence permits these reasonable inferences: When Lovick at a speed of 55 to 60 miles an hour approached the vehicle with bright lights facing him he was not keeping a reasonably careful lookout, for if he had been doing so, he would have seen in the exercise of ordinary care that the vehicle with bright lights facing him was standing still partially parked on the paved portion of the highway on his left, though there was a sandy shoulder beside the pavement 8 feet wide. That under such circumstances a reasonably prudent man keeping a proper lookout would not have assumed, and acted upon the assumption, that the road ahead of him was clear, but would have slowed down and gotten his automobile under control. That if he had done so, he would have seen the parked truck ahead of him, and in the exercise of ordinary care could and would have avoided striking it. That instead he did not decrease his speed of 55 to 60 miles an hour under those circumstances until he was about 50 feet from the truck, and then it was impossible for him to avoid colliding with its rear. In brief, plaintiff's evidence permits reasonable inferences of a failure to keep a reasonably careful lookout, of excessive speed under the circumstances and conditions then and there existing, and of a failure to proceed as a reasonably prudent man would have under the circumstances and conditions then and there existing.

A failure to maintain a reasonably careful lookout by a motorist is negligence. *Clark v. Emerson,* 245 N.C. 387, 95 S.E. 2d 880; *Adams v. Service Co.,* 237 N.C. 136, 74 S.E. 2d 332. Excessive speed is negligence. *Clark v. Emerson, supra; Riggs v. Motor Lines,* 233 N.C. 160, 63 S.E. 2d 197; *Hoke v. Greyhound Corp.,* 226 N.C. 692, 40 S.E. 2d 345.

The jury could reasonably find from plaintiff's evidence that by reason of his negligent operation of the automobile Lovick, in the exercise of the reasonable care of an ordinarily prudent person, should have foreseen that some injury would result from his negligence, or that consequences of a generally injurious nature should have been expected, and that such negligent operation of the automobile by Lovick was a proximate cause of plaintiff's injuries.

Defendants contend that Lovick was faced with a sudden emergency, and that he made such choice of action as a person of ordinary care

and prudence, similarly situated, would have made, and therefore he is blameless. Plaintiff's evidence, and defendants' evidence favorable to her, when considered in the light most favorable to her, does not show as a matter of law that Lovick passed the test required of a person who is required to act in a sudden emergency as stated in *Ingle v. Cassady*, 208 N.C. 497, 181 S.E. 562, and other decisions of this Court.

It is well-settled law in North Carolina that there can be more than one proximate cause of injury. *Lamm v. Gardner*, 250 N.C. 540, 108 S.E. 2d 847. Where an injury to a third person is proximately caused by the negligence of two persons, the injured person may maintain an action for damages against either one or both. *Darroch v. Johnson and Colville v. Johnson*, 250 N.C. 307, 108 S.E. 2d 589; *White v. Carolina Realty Co.*, 182 N.C. 536, 109 S.E. 564; Strong's N. C. Index, Vol. I, Automobiles, § 48.

The trial court properly overruled defendant Lovick's motion for judgment of compulsory nonsuit entered at the close of all the evidence.

The court properly overruled defendant Duke's similar motion by virtue of the provisions of G.S. 20-71.1 (b). *Hartley v. Smith*, 239 N.C. 170, 79 S.E. 2d 767; *Jyachosky v. Wensil*, 240 N.C. 217, 81 S.E. 2d 644.

Defendants assign as errors the following parts of the charge in parentheses, which parts follow each other consecutively in the record:

"The court further instructs you that the driver of a car is not required to anticipate that vehicles will be stopped or parked on the highway at night without lights or the warning signals required by statutes (but this does not relieve him of the duty to keep a proper lookout and not exceed a speed at which he can stop within the radius of his lights, taking into consideration the darkness and atmosphere, atmospheric conditions and the duty to anticipate the presence of others and hazards of the road such as disabled vehicles).

"(A motorist must take into consideration hills and curves in observing the rule that he must be able to stop within the range of his lights).

"(However, the rule that a driver must not exceed a speed at which he can stop within the radius of his lights is not a rule of thumb but requires an obligation that he exercise that degree of care for his own safety and those with him that reasonably prudent men would exercise for their own safety), however, each case must be determined upon the particular facts."

Defendants further assign as error the following part of the charge enclosed in parentheses, when the court was instructing the jury as to the application of the law to the facts in respect to the first issue as to whether plaintiff was injured by the negligence of the defendant Lovick, as alleged in the complaint:

"The Court instructs you that if the plaintiff has satisfied you from the evidence and by its greater weight that the defendant, Gerald Joseph Lovick operated his automobile at the time and place in question at a speed greater than was reasonable or prudent under the conditions then existing or if the plaintiff has satisfied you that the defendant Gerald W., Gerald Joseph Lovick operated this automobile at the time and place in question without keeping a proper lookout or (if the plaintiff has satisfied you from the evidence and by the greater weight that the defendant operated his automobile at such a speed as to not be able to stop within the range of his lights and you further find from the evidence and by its greater weight that either one or more of these acts constituted negligence on the part of the defendant, Gerald Joseph Lovick and was one of the proximate causes of the injury and damage by plaintiff it would be your duty to answer this issue yes)."

From a study of all the challenged parts of the charge set forth above, the meaning seems to be clear and unmistakable, and the jury must have so understood it, that the court instructed the jury on the first issue to the effect that a failure or inability of Lovick, who was driving the automobile within the maximum speed limit on the highway there, to stop the automobile within the radius of the lights thereof, would constitute a breach of legal duty, and would be negligence *per se*. In so charging the court committed prejudicial error.

The General Assembly of 1953 enacted ch. 1145, Session Laws 1953, now incorporated in G.S. 20-141 (e), wherein it is expressly prescribed "that the failure or inability of a motor vehicle operator who is operating such vehicle within the maximum speed limits prescribed by G.S. 20-141 (b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence per se * * * in any civil action, but the facts relating thereto may be considered with other facts in such action in determining the negligence * * * of such operator." *Burchette v. Distributing Co.*, 243 N.C. 120, 90 S.E. 2d 232; *Brooks v. Honeycutt*, 250 N.C. 179, 108 S.E. 2d 457; *Scarborough v. Ingram*, 256 N.C. 87, 122 S.E. 2d 798.

For error in the charge defendants are entitled to a new trial, and it is so ordered.

New trial.