JAMES CHARLES BEASLEY v. COY WILLIAMS AND JOHN LOUIS MASSIE.

(Filed 27 November 1963.)

1. **Automobiles § 52—**

    The mere fact of ownership of a vehicle does not impose liability for injury inflicted as a result of the negligent operation of the vehicle by the driver, but in order to hold the owner liable, plaintiff must show facts calling for the application of the doctrine of *respondeat superior*, or that the owner was negligent himself in providing a dangerously defective vehicle or in permitting a known incompetent to drive, and mere evidence that the owner permitted the tort-feasor to drive is insufficient to be submitted to the jury on the question of the owner's liability.

2. **Automobiles § 41e—**

    Evidence that the driver of a car left the vehicle standing unattended without lights at nighttime, partially on the hard surface, and that plaintiff was unable to stop before striking the rear of the vehicle when he first saw it upon resuming his bright lights after dimming his lights in response to oncoming traffic, *held* sufficient to be submitted to the jury on the issue of negligence.

3. **Automobiles § 42d—**

    Plaintiff will not be held contributorily negligent as a matter of law in striking the rear of a vehicle left unattended on a highway at nighttime without lights when plaintiff at the time is traveling within the statutory maximum speed limit. G.S. 20-141(b).

PARKER, J., dissenting in part.

APPEAL by plaintiff from *Braswell, J.,* May 1963 Civil Session of JOHNSTON.

Plaintiff seeks compensation for injuries resulting from a collision between an automobile operated by plaintiff and an automobile owned by defendant Massie and with his permission operated by defendant

Williams. At the conclusion of the evidence the court allowed the motion of defendants for nonsuit. Plaintiff excepted and appealed.

*Levinson & Levinson by Knox V. Jenkins, Jr., for plaintiff appellant.*
*Teague, Johnson & Patterson by Ronald C. Dilthey for defendant appellees.*

RODMAN, J. The allegations of negligence are: (1) Defendant Williams, permissively using Massie's automobile, unlawfully parked it at night on a rural paved road and "abandoned the same for a considerable period of time without leaving said car attended and without providing any lights or warning signals whatsoever . . . and without leaving at least 15 feet of a clear and unobstructed width upon the main-traveled portion of said highway opposite said unlawfully parked automobile;" and (2) "said automobile being driven and unlawfully parked by the defendant, Coy Williams, had defective headlights, but was otherwise in operative condition . . ."

Defendants filed a joint answer. They denied plaintiff's allegations of negligence. They allege the automobile operated in an easterly direction by Williams "suddenly stopped running;" Williams was not able to get the car completely off the paved portion of the highway; he left the parking lights of the automobile burning and went to seek help; while Williams was gone, plaintiff, operating his vehicle at an unreasonable rate of speed and without keeping a proper lookout, negligently ran into the rear of the vehicle Williams had been driving. They plead the negligence of plaintiff as the sole proximate cause or a contributing cause of the collision and resulting injuries.

Proof that one owns a motor vehicle which is operated in a negligent manner, causing injury to another, is not sufficient to impose liability on the owner. The injured party, if he is to recover from the owner, must allege and prove facts (1) calling for an application of the doctrine of *respondeat superior, Lynn v. Clark,* 252 N.C. 289, 113 S.E. 2d 427, or (2) negligence of the owner himself in (a) providing the driver with a vehicle known to be dangerous because of its defective condition, or (b) permitting a known incompetent driver to use the vehicle on the highway.

Here there is neither allegation nor evidence on which liability for plaintiff's injuries can be imposed on defendant Massie, owner of the vehicle with which plaintiff collided. The court correctly allowed his motion to nonsuit.

Was there error in allowing the motion of defendant Williams: The answer depends upon the proper answer to these questions: Was there

evidence that Williams' negligence proximately caused the collision? Does the evidence lead to the single conclusion that plaintiff was contributorily negligent?

The evidence offered by plaintiff would permit a jury to find these facts: Plaintiff was traveling northeastwardly on a rural paved road; about 2:00 a.m. the right front of his car struck the left rear of the automobile which defendant Williams had been operating, likewise headed in a northeast direction; the engine of that car was not running; there were no lights or signals on or at the car; the car was partially on the paved area and partially on the shoulder, occupying four or five feet of the paved area, leaving fourteen or fifteen feet of paved area open to travel; there was no one in or about the car; the place where the collision occurred was outside a business or residential district.

Plaintiff's evidence is sufficient to support a finding that defendant Williams had violated a statute, G.S. 20-134, designed to promote safe use of the public highways. The evidence would support a finding of negligence proximately causing injury. *Melton v. Crotts*, 257 N.C. 121, 125 S.E. 2d 396, and cases there cited; *St. Johnsbury Trucking Co. v. Rollins*, 21 A.L.R. 2d 88, supplemented by an extensive annotation.

Does the evidence lead to the single conclusion that plaintiff failed to exercise reasonable care for his own safety in using the highway? The answer must, we think, be in the negative. The evidence, viewed in the light favorable to plaintiff, would permit a jury to find these facts: The collision occurred in a rural area; plaintiff was traveling in the night at a speed of 40 to 45 m.p.h.; there is neither allegation nor evidence that such speed violated the provisions of G.S. 20-141(b); plaintiff had his bright lights on; he saw approaching him from the opposite direction a car with its bright lights on; both drivers were required by statute, G.S. 20-181, to dim their headlights; both did so; although keeping a careful lookout, plaintiff had not seen the unlighted car parked on the highway when he dimmed his headlights; as soon as he passed the oncoming car, he threw his lights back on bright, and then for the first time saw the unlighted car; he was at that time within 20 to 30 feet of the car; he was unable to avoid the collision.

This Court was in 1927 for the first time called upon to decide if a motorist who outran his headlights, i.e., traveled at a speed which prevented him from stopping within the distance in which his headlights would disclose an unlighted vehicle obstructing travel on a highway, was as a matter of law contributorily negligent. In *Weston v. R. R.*, 194 N.C. 210, 139 S.E. 237, Justice Brogden, writing for a unanimous Court, quoted from decisions by the appellate courts of Michi-

gan, Ohio, Wisconsin, and Utah. The quotation from the Michigan court reads: "We think the court was right in holding plaintiff guilty of contributory negligence as a matter of law. It is well settled that it is negligence as a matter of law to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the distance that objects can be seen ahead of it." The quotation from the Wisconsin court reads: "It seems to us, and we decide, that the driver of an automobile, circumstanced as was the driver of the car in which plaintiff was riding, and operating it under such conditions as he operated his machine on the night of the accident, is not exercising ordinary care if he is driving the car at such a rate of speed that he cannot bring it to a standstill within the distance that he can plainly see objects or obstructions ahead of him. If his lights be such that he can see objects for only a distance of ten feet, then he should so regulate his speed as to be able to stop his machine within that distance."

Following these quotations, Justice Brogden said: "The standard of duty announced and applied in the foregoing decisions is broad, severe, and unbending, but it appears to be a just rule, particularly in view of the fact of the appalling destruction of life and limb by motor driven vehicles upon the highways of the State." Notwithstanding the seeming unqualified approval given to the rule contended for by the defendant in that case, the Court did not in fact so hold. Judge Brogden, after giving his approval to the rule, immediately said: "However, it is not necessary to apply the rule strictly in order to defeat recovery in the present case."

That Justice Brogden did not understand that the Court had committed itself to the approval of the rule announced by the courts of Michigan and the other states referred to in the opinion is also evidenced by his opinion written two years later in *Williams v. Express Lines,* 198 N.C. 193, 151 S.E. 197. He there said: "In the *Weston* case there was no evidence that defendant was guilty of any negligence at all. Furthermore, the plaintiff in that case was fully apprised of the danger because he discovered in the rain and mist an object in front of him. Notwithstanding, 'he made no effort to reduce his speed until it was too late'." The Court declined to hold plaintiff in that case guilty of contributory negligence as a matter of law.

The statement made in the *Weston* case that one who outran his headlights was negligent as a matter of law was reiterated and applied in a number of cases. Illustrative are: *Lee v. R. R.,* 212 N.C. 340, 193 S.E. 395; *Clarke v. Martin,* 217 N.C. 440, 8 S.E. 2d 230; *Beck v. Hooks,* 218 N.C. 105, 10 S.E. 2d 608; *Dillon v. Winston-Salem,* 221 N.C. 512, 20 S.E. 2d 845; *Pike v. Seymour,* 222 N.C. 42, 21 S.E. 2d

884; *Allen v. Bottling Co.,* 223 N.C. 118, 25 S.E. 2d 388; *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251; *Cox v. Lee,* 230 N.C. 155, 52 S.E. 2d 355; *Brown v. Bus Lines,* 230 N.C. 493, 53 S.E. 2d 539; *Wilson v. Motor Lines,* 230 N.C. 551, 54 S.E. 2d 53.

Perhaps the reason given for holding the operator of a motor vehicle contributorily negligent for outrunning his headlights was as concisely stated in *Cox v. Lee, supra,* as anywhere. There Barnhill, J. (later C.J.), said: "Likewise, he must at all times operate his vehicle with due regard to the width, traffic, and condition of the highway, and he must decrease speed and keep his car under control 'when special hazard exists . . . by reason of weather or highway conditions, and speed shall be decreased as may be necessary to avoid colliding with any . . . vehicle, or other conveyance on . . . the highway . . .' G.S. 20-141. This requirement, as expressed in G.S. 20-140, 141, constitutes the hub of the motor vehicle law around which other provisions regulating the operation of motor vehicles revolve."

Other cases seemingly factually identical, or at least closely related, held the question of the driver's negligence must be submitted to a jury. Illustrative are: *Williams v. Express Lines, supra; Clarke v. Martin,* 215 N.C. 405, 2 S.E. 2d 10; *Thomas v. Motor Lines,* 230 N.C. 122, 52 S.E. 2d 377; *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276.

The 1953 Legislature amended the statute, G.S. 20-141, prescribing speeds at which vehicles might be lawfully operated on the highway. Subsection e of that statute now reads: "The foregoing provisions of this section shall not be construed to relieve the plaintiff in any civil action from the burden of proving negligence upon the part of the defendant as the proximate cause of an accident: Provided, that the failure or inability of a motor vehicle operator who is operating such a vehicle within the maximum speed limits prescribed by G.S. 20-141(b) to stop such vehicle within the radius of the lights thereof or within the range of his vision shall not be considered negligence *per se* or contributory negligence *per se* in any civil action, but the facts relating thereto may be considered with other facts in such action in determining the negligence or contributory negligence of such operator."

It is said in 31 N. C. Law Rev. 417, in an article entitled "Survey of Statutory Changes": "Similarly the 1953 General Assembly has decided that the driver's negligence, in the case of driving within the speed limit but outrunning headlights, should be passed upon by the jury, thus overruling the decisions of the supreme court that a driver's failure or inability to stop his automobile within the radius of its headlights or within the range of his vision constitutes negligence as a matter of law." The interpretation there placed on the statute was

given judicial approval in a unanimous decision of this Court in *Burchette v. Distributing Co.*, 243 N.C. 120, 90 S.E. 2d 232. Winborne, J. (later C.J.) said: "So the courts must interpret the statute as it is written—the wisdom of it being the legislative function.

"Hence interpreting the amendatory act, if the driver of a motor vehicle who is operating it within the maximum speed limits prescribed by G.S. 20-141(b) fails to stop such vehicle within the radius of the lights of the vehicle or within the range of his vision, the courts may no longer hold such failure to be negligence *per se*, or contributory negligence *per se*, as the case may be, that is, negligence or contributory negligence, in and of itself, but the facts relating thereto may be considered by the jury, with other facts in such action in determining whether the operator be guilty of negligence, or contributory negligence, as the case may be."

The interpretation given to the 1953 statute in *Burchette v. Distributing Co.*, *supra*, has been consistently adhered to. *Wilson v. Webster*, 247 N.C. 393, 100 S.E. 2d 829; *Hutchins v. Corbett*, 248 N.C. 422, 103 S.E. 2d 497; *Brooks v. Honeycutt*, 250 N.C. 179; *Scarborough v. Ingram*, 256 N.C. 87, 122 S.E. 2d 798; *Melton v. Crotts*, 257 N.C. 121, 125 S.E. 2d 396; *Salter v. Lovick*, 257 N.C. 619, 127 S.E. 2d 273.

Whether defendant Williams was negligent and whether plaintiff was contributorily negligent are questions which must be submitted to a jury under proper instructions.

As to defendant Massie: Affirmed.

As to defendant Williams: Reversed.


PARKER, J., *dissenting as to defendant Williams*. Plaintiff, according to his testimony, was returning home from Columbia, South Carolina. Prior to the collision he had traveled about 185 miles. He left Columbia that night between ten and eleven o'clock. As stated in the majority opinion, when plaintiff was meeting the automobile driven by defendant Williams, both dimmed their lights. Plaintiff's uncontradicted testimony is as follows: "I was meeting a car and I saw his car [the parked car] for the first time when I put my lights back on bright. I just saw the car in a flash and that was it. I would say I was 20 to 30 feet from the rear of the car when I first saw it. This was the car I hit. The car that I was meeting had its lights on and I dimmed my lights. When I put my lights back on bright, I was so close that I could not keep from hitting the car. * * * It was a clear, dark night that night. * * * He had just got by me good when I struck the other car. I don't have an opinion as to how far I had traveled after I passed him before I struck the other car. When I put my

lights back on bright, I was right on this car which was parked. I don't know exactly how fast I was going; I would say 40 or 50 miles per hour. When I saw the car that was meeting me, I maintained the same speed right up until I hit the parked vehicle. I did not hit my brakes because I did not have time. * * * I do not know how many car lengths I could see ahead of me when my bright lights were on and I don't know how many car lengths I could see ahead of me when my dim lights were on."

There are two lines of decisions in our Reports involving highway accidents which turn on the question of contributory negligence. In *Tyson v. Ford*, 228 N.C. 778, 47 S.E. 2d 251, and in *McClamrock v. Packing Co.*, 238 N.C. 648, 78 S.E. 2d 749, will be found a list of cases of this type in which contributory negligence was held as a matter of law to bar recovery, and a second list in which contributory negligence has been held to be an issue for a jury.

Without attempting to analyze and distinguish the reasons underlying the decisions in those cases, they illustrate the fact that frequently the point of decision was affected by concurrent circumstances, such as fog, rain, glaring headlights, color of vehicles, etc., and that these conditions must be taken into consideration in determining the question of contributory negligence and proximate cause. "Practically every case must stand on its own bottom." *Cole v. Koonce*, 214 N.C. 188, 198 S.E. 637. For a recent case in which this Court held that the driver was guilty of legal contributory negligence in striking an unlighted parked car on the highway at night, see *Hines v. Brown*, 254 N.C. 447, 119 S.E. 2d 182. See also *Smith v. Metal Co.*, 257 N.C. 143, 125 S.E. 2d 377, in which the driver of a motor scooter was held guilty of legal contributory negligence in striking an unlighted truck parked at night on a street in the city of Goldsboro. In *Burchette v. Distributing Co.*, 243 N.C. 120, 90 S.E. 2d 232, relied on in the majority opinion, plaintiff testified that the lights on the tractor "were on bright; that the lights blinded him."

There is no evidence here of any fog, rain, glaring headlights, etc. In my opinion, plaintiff's failure under all the attendant circumstances to decrease his speed of 40 or 50 miles an hour in meeting and passing the approaching automobile on a dark night up to the very second of colliding with the unlighted parked car establishes facts necessary to show negligence on plaintiff's part proximately contributing to his injuries so clearly that no other conclusion can be reasonably drawn therefrom, and consequently I vote to sustain the judgment of involuntary nonsuit as to defendant Williams. I concur in the majority opinion upholding the nonsuit as to the defendant Massie.