GERALINE ROUSE v. RICHARD C. PETERSON AND LEON H. HERRING.

(Filed 8 April, 1964.)

**1. Negligence § 26—**

    Contributory negligence is an affirmative defense upon which defendant has the burden of proof, and nonsuit for contributory negligence is not proper unless, considering the evidence in the light most favorable to plaintiff, the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom.

**2. Automobiles § 10—**

    Where a motorist is traveling within the legal speed limit he will not be held contributorily negligent as a matter of law in hitting the rear of a vehicle stopped on the highway in his lane of travel at nighttime without lights. G.S. 20-141(e).

**3. Automobiles § 42d—**

    The evidence in this case *is held* not to show contributory negligence as a matter of law on the part of plaintiff, driving at a lawful speed, in hitting the rear of an unlighted vehicle stopped in her lane of travel on the highway at nighttime, there being evidence that plaintiff was meeting oncoming traffic with lights which blinded her.

APPEAL by defendants from *Cowper, J.,* November 1963 Session of LENOIR.

Civil action to recover damages for personal injuries and for liabilities incurred for hospital and doctors' bills, allegedly caused by the actionable negligence of defendants.

Plaintiff alleges in her complaint, and defendants admit in their joint answer, that defendant Herring was the owner of a 1949 Ford pickup truck; that about 11 p.m. on 27 September 1963 defendant Peterson, as agent and employee of defendant Herring and within the scope and course of his employment, was driving this pickup truck westerly on U. S. Highway #70 about one-fourth of a mile west of the corporate limits of the city of Kinston; that the highway at this point is about 24 feet wide with shoulders on each side about 10 feet wide, is straight and level, at the time was dry, and there are no street lights there; and that at the same time and place plaintiff behind the pickup truck was operating her 1960 Comet automobile in a westerly direction on this highway. Plaintiff further alleges that defendants well knowing that this pickup truck had no lighting signals or lights on its rear, or if it had rear lights they were in a defective condition, negligently stopped it on the highway in front of her without any rear lights or signals showing; that she operating her automobile at a speed of 30 to

35 miles an hour was meeting oncoming automobiles whose headlights were shining toward her, and that she ran into the rear of this unlighted pickup truck stopped on the highway ahead of her; and that defendants' such negligence proximately caused the collision and her injuries. The parties stipulated that the speed limit where the collision occurred is 45 miles an hour.

Defendants in their joint answer deny negligence, conditionally plead contributory negligence of plaintiff in operating her automobile at an excessive rate of speed, to wit, in excess of 45 miles an hour, in a careless and reckless manner, without keeping a proper lookout, in failing to pass the pickup truck two feet to its left, in following too closely, and in driving at a speed that she was unable to stop her automobile within the radius of its headlights. Further, defendant Herring alleges a counterclaim against plaintiff for damage to his pickup truck.

Both parties introduced evidence. The jury found by its verdict that plaintiff was injured by the negligence of the defendants as alleged in her complaint; that she did not by her own negligence contribute to her injuries as alleged in the answer, and awarded her damages in the sum of $7,138. The issues in respect to defendant Herring's counterclaim were not answered.

From a judgment in accord with the verdict, defendants appeal.

*Whitaker & Jeffress for defendant appellants.*
*White & Aycock by Thomas J. White for plaintiff appellee.*

Per Curiam. Defendants assign as error the denial of their motion for judgment of compulsory nonsuit made at the close of all the evidence. They contend their motion should have been allowed for the reason that plaintiff was guilty of contributory negligence as a matter of law. It is manifest that plaintiff's evidence is sufficient to show that defendants were negligent and that their negligence proximately caused plaintiff's injuries.

The term "contributory negligence" *ex vi termini* implies, or presupposes negligence on the part of the defendant. *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163. Contributory negligence is an affirmative defense which the defendant must plead and prove. G.S. 1-139. Nevertheless, the rule is firmly embedded in our adjective law that a defendant may avail himself of his plea of contributory negligence by a motion for a compulsory judgment of nonsuit under G.S. 1-183, when, and only when, the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom. *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360.

Defendants' contention that plaintiff was guilty of contributory negligence as a matter of law necessitates an appraisal of her evidence in the light most favorable to her. *Beasley v. Williams,* 260 N.C. 561, 133 S.E. 2d 227; *Bundy v. Powell,* 229 N.C. 707, 51 S.E. 2d 307.

Considered in such light, her evidence tends to show these facts, in addition to the admissions in defendants' answer which she introduced in evidence, and the stipulation entered into by the parties: Three nights before the collision here, Marvin Murphy, a witness for plaintiff, drove up behind defendant Herring's 1949 Ford pickup truck which was being operated on the highway, and there were no taillights burning on the truck on that occasion, though there was a reflector on the left corner of the truck body. He told defendant Herring before this occasion that no taillights were burning on his pickup truck. About 11 p.m. on 27 September 1963, plaintiff was driving her 1960 Comet automobile at a speed of 30 to 35 miles an hour in a 45 miles per hour speed zone and on her side of the road in a westerly direction on U. S. Highway #70 about one-fourth of a mile west of the corporate limits of the city of Kinston. She was meeting an automobile whose headlights were shining on her and blinded her. When this automobile passed her, she saw in front of her at a distance "as far as the width of the courtroom" defendant Herring's 1949 Ford pickup truck standing still with all four wheels on the pavement and with no lights on it and with no one standing about it. The pickup truck was dark red in color. Immediately upon seeing the truck, she applied her brakes and turned her automobile to the left, but could not avoid striking the rear end of the truck with the front part of her automobile. She sustained injuries in the collision.

Plaintiff was driving her automobile within the maximum speed limit. Therefore, she cannot be held contributorily negligent as a matter of law in outrunning her headlights, if she did, which we do not concede, and striking the rear end of the pickup truck stopped on the highway without lights. G. S. 20-141 (e); *Beasley v. Williams, supra.*

There is nothing in the evidence to indicate or suggest that there was anything which gave or should have given plaintiff notice that a motor vehicle without lights was stopped on the highway in front of her. This Court said in *Chaffin v. Brame,* 233 N.C. 377, 64 S.E. 2d 276: "The duty of the nocturnal motorist to exercise ordinary care for his own safety does not extend so far as to require that he must be able to bring his automobile to an immediate stop on the sudden arising of a dangerous situation which he could not reasonably have anticipated."

In our opinion, plaintiff's own testimony does not establish the facts necessary to show contributory negligence so clearly that no other con-

clusion may be reasonably drawn therefrom, and that this case falls within the line of the following cases with facts approximately similar, in which contributory negligence has been held to be an issue of fact for the jury. *Beasley v. Williams, supra; Keener v. Beal*, 246 N.C. 247, 98 S.E. 2d 19; *McClamrock v. Packing Co.*, 238 N.C. 648, 78 S.E. 2d 749; *Chaffin v. Brame, supra; Williams v. Express Lines*, 198 N.C. 193, 151 S.E. 197. The trial court properly overruled defendants' motion for judgment of compulsory nonsuit and correctly submitted the case to the jury.

Defendants' other assignments of error brought forward and discussed in their brief relate to the court's charge to the jury. A careful examination of these assignments of error and a reading of the charge contextually disclose no prejudicial error that would warrant a new trial. No new question is presented requiring extended discussion. All defendants' assignments of error are overruled. The verdict and judgment will be upheld.

No error.